**KEYSTONE INSURANCE COMPANY, Appellant,**

**v.**

**Jack GRIFFITH, Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Aug. 16, 1983.

Permission to Appeal Denied by Supreme Court Oct. 24, 1983.

Ferdinand Powell, Jr., with Powell & Epps, Johnson City, for appellant.

Judith Fain, Erwin, for appellee.

## OPINION

PARROTT, Presiding Judge.

The plaintiff, Keystone Insurance company, a Pennsylvania corporation, appeals from the trial judge's granting of a motion for summary judgment.

The plaintiff is a foreign corporation with its principal office in Pennsylvania. It is not incorporated under the laws of this state, does not do business in this state, and does not have a Certificate of Authority to do business in this state. The defendant, Jack Griffith took out an insurance policy through an agent for the plaintiff. This policy covered a motor vehicle owned by the defendant. The vehicle was later brought to Tennessee while the defendant resided in this state.

In August of 1979, a collision occurred between this vehicle and a truck owned by Transit-Mix Concrete Company. The defendant informed the plaintiff of the accident. According to the defendant, he told Keystone that the other driver's insurance carrier would take care of the matter. The plaintiff apparently contests this point. In any event, the plaintiff issued a draft for $2,400.78 on September 17, 1979, and sent it to the defendant at Erwin, Tennessee. On or about the same day, the CNA Insurance Company paid $2,500.68 to the defendant as a result of the negligence of the driver of the Transit-Mix truck. Keystone sued in July of 1981 to recover the amount it had paid to Griffith. The General Sessions Court for Unicoi County found in favor of Griffith, and Keystone appealed to the circuit court. Griffith filed a motion for summary judgment on the ground that Keystone is without standing to file suit in Tennessee without a valid certificate of authority. Keystone's counsel filed a "Response to Motion for Summary Judgment" which amounts to the affidavit of that counsel. The attorney's affidavit was the only affidavit filed by the plaintiff. Keystone's counsel also submitted certain exhibits. Griffith moved to strike the affidavit on the grounds that it did not comply with Rule 56.05 of the Tennessee Rules of Civil Procedure. The circuit court admitted the response but eventually held that Keystone could not maintain an action in Tennessee without a valid certificate of authority. The insurance company appeals to this Court.

At the threshold of this matter, we do not believe that the trial judge was correct in admitting the plaintiff's attorney's affidavit in opposition to the motion for summary judgment. Rule 56 of the Tennessee Rules of Civil Procedure governs the disposition of summary judgments. This rule affords the parties an opportunity to submit affidavits in support of their legal and factual arguments. Rule 56.05 makes it clear, however, that these affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

The attorney for Keystone states in his affidavit that he had personal knowledge of all facts stated "except as to matters indicated to be on information and belief, and those matters I verily believe to be true." In *Jameson v. Jameson,* 176 F.2d 58 (D.C.

Cir.1949) the court noted that Rule 56 "plainly requires (the word 'shall' being mandatory) that an affidavit state matters personally *known* to the affiant." The court went on to say that "a statement in such affidavit as to what the affiant 'verily believes' does not satisfy this requirement. Belief, no matter how sincere, is not equivalent to knowledge." *See also, Fowler v. The Happy Goodman Family,* 575 S.W.2d 496 (Tenn.1978). The plaintiff's attorney sought to bolster his affidavit through the introduction of an accident report, through copies of the draft sent to the defendant, and through a report of an investigator who interviewed the defendant. The trial judge himself recognized, however, that these exhibits were inadmissible without the appropriate foundation and thus could not be considered as evidence. In short, then, the statements in the affidavit made on "information and belief" do not comply with Rule 56.05 and cannot be considered as evidence. The supporting exhibits are likewise incompetent under Rule 56.05.

The affidavit of Keystone's attorney did include statements said to be based on the personal knowledge of the attorney. Rule 56.05 requires that the affidavit "shall show affirmatively that the affiant is competent to testify to the matters stated therein." While the attorney states that he was "authorized" to make this affidavit on the behalf of Keystone, we believe that such facts could be more competently stated by those within the insurance company who have first hand knowledge of the facts. As the court stated in *Inglett & Company v. Everglades Fertilizer Company,* 255 F.2d 342 (5th Cir.1958), "Experience proves that the adversary system functions best when the role of judge, of counsel, of witness is sharply separated." We cannot conclude that it has been affirmatively shown that the attorney here is competent to testify to the matters stated in his affidavit. We believe that the trial judge should have struck the plaintiff's Response to Motion for Summary Judgment. This does not mean, however, that the trial judge was correct in sustaining the defendant's motion in this matter.

After a review of the record in this case, we conclude that the defendant has not established in his motion a factual basis for granting summary judgment. A party who moves for summary judgment has the burden of showing that no genuine issue of a material fact exists, and the court in ruling on the motion must view the record in the light most favorable to the opponent of the *motion. Taylor v. Nashville Banner Publ. Co.,* 573 S.W.2d 476 (Tenn. App.1978), *cert. denied* 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 397 (1979). Moreover, it is essential to the consideration of a motion for summary judgment that the motion recite there is no genuine issue of fact. *Belsky v. Payne,* 560 S.W.2d 78 (Tenn.App. 1977).

The lower court's judgment states in pertinent part:

[T]he Court further finds that the Defendant's Motion for Summary Judgment is well taken in that the Plaintiff, Keystone Insurance Company, does not have a Certificate of Authority to do business in the State of Tennessee and therefore, pursuant to T.C.A. Section 56–2–109, which statute prohibits any insurance company which does not have a Certificate of Authority from maintaining "an action at law or suit in equity in any court of this state to enforce any right, claim or demand arising out of the transaction of such business . . .", the Plaintiff cannot prosecute this action in this state's courts, as the action is brought in an effort to recover funds paid by the Plaintiff to the Defendant and any such payment constitutes the doing of business in this state pursuant to T.C.A. Section 56–2–107 which defines the transacting of insurance business in this state to include "(4) The transaction of matters subsequent to the execution of such contracts and arising out of them." The parties do not contest the fact that any payment on the part of the Plaintiff to the Defendant would have been made as a result of a contract for insurance between the parties, that the Plaintiff has no agents in

the state of Tennessee and that the Plaintiff has never issued a policy in the State of Tennessee.

T.C.A. § 56–2–109 bars a suit by an insurance company without a certificate of authority on transactions of the insurance business "in this state". T.C.A. § 56–2–107(4) relied upon by the trial judge, refers to contracts which were either issued or delivered to residents of this state. *See also* T.C.A. § 56–2–107(1). Before summary judgment would be proper in this case, the defendant would have to establish by undisputed evidence that the transaction sued upon arose out of the issuance or delivery of a contract of insurance to a resident of this state, which is not established by the record.

T.C.A. § 56–2–105 sets forth several exceptions to the requirement of a certificate of authority as to certain transactions by insurance companies. One of the exceptions is T.C.A. § 56–2–105(3), which provides:

> Transactions in this state involving policies lawfully solicited, written and delivered outside of this state covering only subjects of insurance not resident, located or expressly to be performed in this state at the time of issuance. . . .

Whether this exception is germane is not the issue before us as the defendant failed to establish by affidavit or otherwise that this exception is not applicable to the plaintiff. Without considering plaintiff's affidavit, it may reasonably be inferred from the record that the transaction giving rise to this action falls within this exception. Accordingly, the summary judgment must be set aside and the cause remanded for trial on the issue of whether this dispute arose out of a contract of insurance issued initially to a Tennessee resident or falls within the exception herein mentioned.

Let the costs be taxed to appellee and the cause remanded.

FRANKS, J., and KIRBY MATHERNE, Special Judge, concur.