Melissa J. BAKER, a minor b/n/f John T. Baker, et ux., Plaintiff-Appellant,

v.

LEDERLE LABORATORIES, Merck, Sharp & Dohme and Merrell Dow Pharmaceuticals, Inc., Defendants-Apellees.

Court of Appeals of Tennessee, Eastern Section.

June 21, 1985.

Permission to Appeal Denied Sept. 3, 1985.

Richard L. Banks, Cleveland, Robert Kaufman, Gaylord, Mich., for plaintiff-appellant.

Paul R. Leitner, William F. Godbold III, Chattanooga, for Lederle Laboratories, defendant-appellee.

E. Blake Moore, Chattanooga, for Merck Sharp & Dohme, defendant-appellee.

Douglas L. Dutton, Robert R. Campbell, Knoxville, for Merrell Dow Pharmaceuticals Inc., defendant-appellee.

Steven A. Hart, Asst. Atty. Gen., Nashville, for State of Tenn., defendant-appellee; W.J. Michael Cody, Attorney General & Reporter, Nashville, of counsel.

## OPINION

FRANKS, Judge.

In this action, the minor plaintiff alleged injury from three immunizations manufactured by the defendants. Responding to motions for summary judgment, the trial court granted judgment to defendants, Lederle Laboratories and Merck, Sharp & Dohme, on the so-called government contract defense [1] and to defendant, Merrell Dow Pharmaceuticals, Inc., on the ground plaintiff failed to establish a disputed issue of material fact as to causation. Plaintiff has appealed.

The threshold issue on appeal is whether the affidavits filed by Lederle Laboratories and Merck, Sharp & Dohme in support of their motions for summary judgment comply with the requirements of Tennessee Rules of Civil Procedure, Rule 56. We hold they do not and vacate the summary judgments and remand for further proceedings.

The trial judge, in rendering summary judgment, summarized background information which we adopt:

Plaintiffs, John Baker and wife, Ruth Baker, filed this action on behalf of their minor daughter, Melissa, against the respective Defendants as a result of injuries allegedly sustained by Melissa following her required pre-school vaccination at the McMinn County Health Department on February 7, 1978. For purposes of the motions under consideration herein, it is established that Defendant Lederle Laboratories ("Lederle") manufactured and supplied to the McMinn County Health Department a poliovirus vaccine, live, oral trivalent ORIMUNE (TOPV); that Defendant, Merck, Sharp & Dohme ("Merck") manufactured and supplied to the McMinn County Health Department Attenuvax, a measles virus vaccine, live, attenuated, MSD; and that Defendant, Merrell Dow Pharmaceuticals, Inc., ("Dow") manufactured and supplied to the McMinn County Health Department a diptheria-pertussus-tetanus (DPT) vaccine. It is also uncontroverted that on February 7, 1978, an unidentified nurse named as a "Jane Doe" Defendant herein administered a dosage of each of the above described vaccines to Melissa, that some twelve days later Melissa was hospitalized for acute left hemiplegia and expressive aphasia, and that Melissa has sustained permanent damage to her left leg.

The trial court, in granting summary judgment, relied on the affidavits filed by Lederle and Merck. Lederle filed the affidavit of Stewart Aiston, which states, in pertinent part:

That he is the Technical Superintendent of Lederle Laboratories, a Division of American Cyanamid Company, and in such capacity he has personal knowledge of the matters set forth in this affidavit, or has been informed of these facts.

Merck filed the affidavit of T.J. Drygas, which states, in pertinent part:

That he is Manager, Sales Services, Merck Sharp & Dohme, a Division of Merck & Co., Inc., and in such capacity he has personal knowledge of the matters set forth in this affidavit, or has been informed of these facts.

T.R.C.P., Rule 56.05, provides, in pertinent part:

*Form of affidavits* ... Supporting and opposing affidavits shall be made on per-

---

1. The Tennessee Products Liability Act of 1978 establishes a modified version of this defense. T.C.A., § 29–28–104 provides:

§ 29–28–104. *Compliance with government standards—Rebuttable presumption.*—Compliance by a manufacturer or seller with any federal or state statute or administrative regulation existing at the time a product was man-

ufactured and prescribing standards for design, inspection, testing, manufacture, labeling, warning or instructions for use of a product, shall raise a rebuttable presumption that the product is not in an unreasonably dangerous condition in regard to matters covered by these standards.

sonal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

■ The plaintiff raised objections to the form of the affidavits in her responses to the motions for summary judgment but the issue was pretermitted by the trial judge.[2] The word "shall" is equivalent to the word "must". *Bateman v. Smith*, 183 Tenn. 541, 194 S.W.2d 336 (1946). Three imperatives are mandated by T.R.C.P., Rule 56.05: the affidavit shall be made on personal knowledge, shall set forth facts which are properly admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The affidavits do not meet the requirements of the rule. *Keystone Ins. Co. v. Griffith*, 659 S.W.2d 364 (Tenn. App.1983).

■ In the treatises discussing the federal rule, the pattern for our rule, Wright and Miller observe: "The moveant is held to a stringent standard. Before summary judgment will be granted it must be clear what the truth is and any doubt as to the existence of a genuine issue of material fact will be resolved against the moveant." 10A, Wright, Miller and Kane, *Federal Practice and Procedure*, § 2727, p. 124 (2nd ed., 1983). The record does not establish a factual basis for summary judgment when the affidavits are removed from consideration. *Keystone Ins. Co., supra.*

As to the remaining defendant, Merrell Dow Pharmaceuticals, Incorporated's motion for summary judgment also relied upon T.C.A., § 29–28–104. No affidavit was filed in support of that motion but, subsequent to the hearing on all motions which was held on May 31, and while the motions were under submission, this defendant on June 15, 1984, filed "amended

and supplemental motion for summary judgment", adding an additional ground that its vaccine was not the proximate cause of plaintiff's illness. Attached was an affidavit of a Dr. Fenichel to the effect that the vaccine was not the cause of plaintiff's illness. The trial court granted Dow summary judgment by filing an "Opinion and Order" on July 17, 1984, which stated:

> [D]ow has filed the Affidavit of Dr. Jerald M. Fenichel in support of its position that Melissa's illness and injuries resulting from her vaccination on February 7, 1978, were not caused by the DPT vaccine produced and distributed by Dow. No opposing affidavits have been filed by Plaintiffs refuting Dow's position as arguably required by *Dolan v. Cunningham*, 648 S.W.2d 652, and *Bowman v. Henard*, 547 S.W.2d 527. The nearest Plaintiffs come to satisfying the requirement of expert testimony on the issue of causation is the sworn answer by Plaintiff John Baker to a discovery interrogatory propounded by Dow wherein he stated that Dr. Richard Restak would testify that Melissa's injuries were caused by the measles vaccine (Attenuvax).

■ Plaintiff filed a motion for a rehearing and subsequently filed an affidavit of a Dr. Geraghty, who stated that the contribution of the vaccinations to the plaintiff's injury "cannot reasonably be excluded". The proceedings on the amended motion for summary judgment were irregular in that the motion and affidavit were filed after the hearing on the original motion. The trial court based judgment on Dr. Fenichel's affidavit but refused to consider the affidavit filed by plaintiff. Where there exists a dispute as to material facts or where there is uncertainty as to whether there may be such a dispute, the trial court is required to overrule any motion for summary judgment. *Evco Corpo-*

---

**2.** Merck, in a written response, argued the affidavits were proper under the Uniform Business Record as Evidence Act; however, they do not comply with the requirements of T.C.A., § 24–7–111.

**894**

*ration v. Ross,* 528 S.W.2d 20 (Tenn.1975). On the facts of this case, we believe both affidavits should have been considered. *See Schaefer by Schaefer v. Larsen,* 688 S.W.2d 430 (Tenn.App.1984).

■■■ The record before us establishes there is uncertainty as to whether the facts are disputed on this material issue and we likewise vacate the summary judgment as to this defendant and remand the cause as

to all parties, with costs of appeal assessed to defendants-appellees.[3]

PARROTT, P.J., and SANDERS, J., concur.

---

**3.** On appeal, plaintiff challenged the constitutionality of T.C.A., § 29–28–104. The challenge is not properly before us because the issue has not been raised in the trial court. *Lawrence v. Standford,* 655 S.W.2d 927 (Tenn.1983).