IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 8, 2026 Session

## SECURE AIR CHARTER, LLC v. MICHAEL JOHN BARRETT, JR.

**Appeal from the Circuit Court for Davidson County**
**No. 24C1828  C. David Briley, Judge**

_____

### No. M2025-00312-COA-R3-CV

_____

The Plaintiff brought a claim of intentional interference with business relationships against the Defendant, and the Defendant moved to dismiss under the Tennessee Public Participation Act (TPPA). The Defendant attached to the motion a declaration to establish that the suit was in response to his exercise of the right to free speech and right to petition. The Plaintiff did not attempt to establish a prima facie case but instead sought to amend the complaint to allege a different cause of action and sought to exclude the declaration. The trial court dismissed under the TPPA. The Plaintiff appeals. We affirm and remand for a determination of attorney's fees under the statute.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

JEFFREY USMAN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

G. Kline Preston, IV, Nashville, Tennessee, for the appellant, Secure Air Charter, LLC.

Daniel A. Horwitz and Sarah L. Martin, Nashville, Tennessee, for the appellee, Michael John Barrett, Jr.

## OPINION

Secure Air Charter, LLC (Secure Air) filed a Complaint against Michael John Barrett, Jr., asserting a claim of intentional interference with business relationships. The Complaint asserted that Mr. Barrett was terminated for cause in February 2024 and that he subsequently "filed numerous false reports to the Federal Aviation Administration regarding the Plaintiff's business and operations." According to the Complaint, the reports

to the Federal Aviation Administration (FAA) contained false statements "related to Plaintiff's safety procedures." The Complaint also stated that, subsequent to his termination, Mr. Barrett "made disparaging and threatening statements to various individuals within [Secure Air's] organization in an attempt to interfere" with the business operations. Secure Air alleged that it had an interest in "prospective business relationships with purchasers of air charter services in the Nashville area and at large" and that the "filing of false reports to the Federal Aviation Administration and extensive disparagement" of Secure Air interfered with these prospective business relationships, causing damages.

Mr. Barrett moved to dismiss under the TPPA, specifically Tennessee Code Annotated section 20-17-104(a), moved for dismissal for failure to state a claim under Tennessee Rule of Civil Procedure 12.02(6), and filed a motion for summary judgment. In seeking relief under the TPPA, he argued that he was exercising his right to free speech in making the statements to the FAA, observing that the Complaint itself alleged that the statements were related to "safety procedures." He also argued that he was exercising his right to petition by filing reports with the FAA and that the reports were aimed at encouraging review of the issue by a governmental body to protect the public. He further contended that he was able to establish valid defenses, including failure to state a claim upon which relief could be granted, the truth of his statements to the FAA, and immunity under Tennessee Code Annotated section 4-21-1003(a).[1] Alternatively, Mr. Barrett noted that the Complaint did not identify the substance of the allegedly false and disparaging statements, identify with particularity the group with whom it had a prospective relationship, plead Mr. Barrett's specific knowledge of the relationships, or allege that he directed any action toward those prospective business contacts or that they were aware of his statements to the FAA and to Secure Air employees. Mr. Barrett sought attorney's fees and sanctions.

He included with his TPPA motion a declaration, which stated:

1. My name is Michael John Barrett, Jr., I have personal knowledge of the facts in this Declaration, I am competent to testify regarding them, and I declare under penalty of perjury that they are true.

2. I am the named Defendant in Davidson County Circuit Court Case

---

[1] "A person who, in furtherance of such person's right of free speech or petition under the Constitution of Tennessee or United States Constitution in connection with a public or governmental issue, communicates information regarding another person or entity to an agency of the federal, state, or local government regarding a matter of concern to that agency is immune from civil liability on claims based upon the communication to the agency." Tenn. Code Ann. § 4-21-1003(a); *see* Tenn. Code Ann. § 4-21-1003(b) (removing immunity for communicating information knowing it to be false or in reckless disregard of its falsity or for negligently failing to ascertain falsity when the information does not pertain to a public figure).

3. To encourage review of an issue by a federal governmental body, and in the hopes of protecting the public, I made truthful reports to the Federal Aviation Administration (FAA) regarding Plaintiff Secure Air Charter, LLC's non-compliance with certain safety standards.

4. My reports included forwarding the FAA verbatim, unmodified emails that I received while employed by the Plaintiff.

Pursuant to Tennessee Rule of Civil Procedure 72, I declare under penalty of perjury that the foregoing is true and correct.

Secure Air opposed Mr. Barrett's motions to dismiss. In doing so, Secure Air challenged Mr. Barrett's declaration, contending it made "conclusory statements" and was inadmissible lay opinion evidence under Tennessee Rule of Evidence 701. Secure Air also sought to amend its Complaint, arguing that a proposed Amended Complaint would resolve the basis for the motions. The proposed Amended Complaint no longer asserted a claim for intentional interference with business relationships; instead, Secure Air asserted that Mr. Barrett breached his employment contract.[2] The proposed Amended Complaint added allegations that Mr. Barrett was terminated for misconduct and poor performance,[3] that he made false reports to the National Labor Relations Board (NLRB) and the FAA, and that the complaints filed were determined to be without merit. Secure Air also alleged that, pursuant to the employment agreement, Mr. Barrett was prohibited from disclosing confidential information, including all business information.

Mr. Barrett filed a response, arguing that amendment was impermissible while there was a pending TPPA petition and that the particular amendment sought by Secure Air amounted to a voluntary dismissal, which was impermissible while the summary judgment motion was pending. Mr. Barrett noted that Secure Air's response to the TPPA petition did not present a prima facie case for its cause of action as required by the TPPA, and he asked for dismissal.

The circuit court conducted a hearing in September 2024, during which Secure Air represented that it had no actual knowledge regarding what statements Mr. Barrett had made to the FAA: "We don't have them. We don't know what he told them. But we do know that, based on the investigation that the FAA did on three separate occasions with my client's airline, that they were false." Secure Air's counsel asserted, "We have facts

---

[2] The proposed Amended Complaint purports to assert multiple counts of breach.

[3] According to the Amended Complaint, Mr. Barrett "was a constant instigator of drama and problems in the business."

and proof." However, nothing in the record indicates that Secure Air had any evidence regarding the statements. To the contrary, the judge noted that Secure Air's request for discovery was the "only thing I have in front of me"; that there was "no admissible evidence to back up a prima facie case that includes any evidence of falsity"; and that, under either the proposed Amended Complaint or the Complaint, Secure Air would have to prove the statements were false.

The trial court permitted Secure Air to engage in discovery to determine the nature of the FAA reports, allowing 90 days for the Plaintiff to obtain information relevant to establishing a prima facie case. The court set a hearing for January 24, 2025, noting that the parties could supplement their responses to the motions by a particular date prior to the hearing. Mr. Barrett filed an application for extraordinary appeal under Rule 10 of the Rules of the Court of Appeal, challenging the trial court's decision to permit discovery. This court permitted a stay in discovery of approximately two weeks before denying the application. *See Secure Air Charter, LLC v. Michael John Barrett, Jr.*, No. M2024-01576-COA-R10-CV (Tenn. Ct. App. Nov. 6, 2024) (Order) (denying a Rule 10 appeal and lifting the stay entered October 24, 2024); No. M2024-01576-SC-R10-CV (Tenn. Nov. 13, 2024) (Order) (denying Rule 10 appeal to the Tennessee Supreme Court).

Meanwhile, Secure Air sent a subpoena issued by the state court to the FAA regarding Mr. Barrett's report. The FAA responded on November 7, 2024, maintaining that sovereign immunity barred the enforcement of a state subpoena but citing federal regulations and procedures for obtaining the requested information from the FAA. It appears that Secure Air took no action to follow these procedures.

The trial court's deadline to supplement any arguments related to the TPPA motion passed without supplementation by Secure Air of its TPPA response. Mr. Barrett then renewed his motion to deny leave to amend, noting that Secure Air had not introduced any evidence to support a prima facie case and arguing that the dismissal pursuant to the TPPA would preclude amendment. He also asserted futility because the breach of contract and intentional interference claims have overlapping elements, including damages. Mr. Barrett attached the FAA's response to the state subpoena to his motion.

On January 21, 2025, Secure Air filed a "Supplemental Response" to the motion to dismiss, objecting to Mr. Barrett's declaration, stating that the FAA refused to comply with Secure Air's subpoena, and noting that Mr. Barrett had obtained a temporary stay of discovery in the appellate proceeding. Mr. Barrett responded, arguing that Secure Air had still not come forward with anything demonstrating a prima facie case of intentional interference with business relationships. Mr. Barrett asserted that Secure Air simply failed to follow the instructions for obtaining documents referenced in the FAA's November 7, 2024 letter, and he noted that Secure Air served the subpoena on the FAA during the appellate court's two-week stay on discovery.

- 4 -

The circuit court determined that, based on Mr. Barrett's declaration and the allegations in the Complaint, Mr. Barrett had established that the lawsuit was in response to his exercise of the right to free speech and right to petition under the TPPA. The court noted that Secure Air was afforded an opportunity to engage in limited discovery and obtain evidence from the FAA. The court found that Secure Air was notified on November 7, 2024, that it could not obtain information from the FAA via subpoena and that Secure Air failed to avail itself of the alternative manner of obtaining the information. The circuit court observed that Secure Air introduced no evidence that Mr. Barrett made false reports to the FAA or disparaging statements to various individuals in Secure Air's organization. Accordingly, the trial court dismissed the Complaint pursuant to the TPPA, "for failure to establish a prima facie case for any essential element of the claim" in the Complaint. The court, in the same order, also addressed the motion to amend and ordered the motion **"DENIED AS MOOT"** because the Complaint had been dismissed with prejudice. The court noted "[a]dditionally" that the proposed amendment would be futile because it relied on the "same essential factual allegations with no evidence to support them, and the Plaintiff has failed to meet its evidentiary burden already despite some lenience from the Court." The damages under the TPPA were held in abeyance pending appeal.

## II.

Secure Air challenges the dismissal of its case pursuant to the TPPA. *See* Tenn. Code Ann. § 20-17-104. Interpretation of the statutory provisions of the TPPA "entails a question of law, which we review de novo upon the record with no presumption of correctness for the determination of the courts below." *Flade v. City of Shelbyville*, 699 S.W.3d 272, 281 (Tenn. 2024). We likewise review de novo the question of whether a party has established a prima facie case for purposes of a TPPA petition. *SmileDirectClub, Inc. v. NBCUniversal Media, LLC*, 708 S.W.3d 556, 570 (Tenn. Ct. App. 2024); *see Charles v. McQueen*, 693 S.W.3d 262, 272-73 (Tenn. 2024); *see also Black v. Baldwin*, No. M2024-00151-COA-R3-CV, 2025 WL 1566392, at *2 (Tenn. Ct. App. June 3, 2025), *perm. app. denied* (Tenn. Oct. 8, 2025) ("We review a trial court's decision to grant or deny a TPPA petition under a de novo standard of review").

## III.

The TPPA is Tennessee's statute aimed at deterring strategic lawsuits against public participation (SLAPP). *Charles*, 693 S.W.3d at 267. SLAPP lawsuits are designed not to prevail on the merits but to chill speech by subjecting the defendant to costly and meritless litigation. *Id.* Accordingly, the TPPA delineates a procedure intended to swiftly dispatch with meritless claims. *Id.* In addition, the TPPA entails a fee-shifting provision through which a successful petition entitles the petitioner to reasonable attorney's fees and other relief. *Id.* at 268. The Tennessee Supreme Court has described the process that courts are to follow when ruling upon a TPPA petition as follows:

First, the court determines whether the petitioner has made a prima facie case that the challenged lawsuit "is based on, relates to, or is in response to [the petitioner's] exercise of the right to free speech, right to petition, or right of association." [Tenn. Code Ann.] § 20-17-105(a). If the petitioner has not made this showing, the court denies the petition. *See id.* § 20-17-105(b). But if the petitioner succeeds at the first step, the court next determines whether the respondent has made a prima facie case for each essential element of his claim. *Id.* If the respondent meets this burden, the court must deny the petition unless "the petitioning party establishes a valid defense to the claims in the legal action." *Id.* § 20-17-105(b)-(c). Otherwise, the court must grant the petition and dismiss the suit with prejudice. *Id.* § 20-17-105(e).

*Flade*, 699 S.W.3d at 283-84. "To establish a 'prima facie' case under the TPPA, a party must present enough evidence to allow the jury to rule in his favor on that issue. This evidence may include 'sworn affidavits stating admissible evidence' and 'other admissible evidence.'" *Charles*, 693 S.W.3d at 281 (quoting Tenn. Code Ann. § 20-17-105(d)). The court reviews the evidence in the light most favorable to the party seeking to establish the prima facie case, disregarding countervailing evidence. *Id.*

Secure Air presents no argument that making a safety report to the FAA falls outside "a party's exercise of the right of free speech [or] right to petition." Tenn. Code Ann. § 20-17-104(a). Likewise, Secure Air advances no argument that it successfully demonstrated a prima facie case of intentional interference with business relationships as alleged in the Complaint.[4] Indeed, the trial court found that Secure Air presented "no admissible evidence to back up a prima facie case," and the record on appeal contains no evidence regarding the elements of the cause of action.

Accordingly, there is neither an argument that filing a safety report with the FAA is insufficient to meet the petitioner's initial burden under the TPPA nor an argument that Secure Air presented sufficient evidence of a prima facie case to survive a TPPA motion.

Instead, Secure Air's argument that the TPPA petition was granted in error hinges on two contentions. One, Secure Air argues that it should have been permitted to amend its Complaint to change the cause of action from intentional interference with business relationships to breach of contract. Two, Secure Air contends that Mr. Barrett's declaration should not have been considered and that Mr. Barrett's prima facie case of protected

---

[4] To the contrary, Secure Air on appeal asserts that its own pleadings were insufficient to allege intentional interference with business relationships and that its claims should have been dismissed pursuant to Tennessee Rule of Civil Procedure 12.02 rather than the TPPA. In doing so, Secure Air acknowledges, "The original Complaint failed to plead the particular 'purchasers of air charter services in the Nashville area at large.'"

activity hinges on the declaration. We conclude Secure Air is not entitled to relief based on either of its theories.

A.

Secure Air asserts that the court erred in denying its motion to amend. The court held that the motion to amend was "**DENIED AS MOOT**" because the Complaint had been dismissed with prejudice earlier in the same order. After the capitalized and bolded determination that the motion was moot, the court found "[a]dditionally" that the proposed amendment would be futile, reasoning that the proposed Amended Complaint relied on the same facts and that Secure Air had already demonstrated it could not meet its evidentiary burden in the TPPA petition. On appeal, Secure Air challenges only the futility finding.

We note that the present case is before us for review of the grant of a TPPA petition under a statutory scheme that gives us limited jurisdiction. *See* Tenn. Code Ann. § 20-17-106 ("The court's order dismissing or refusing to dismiss a legal action pursuant to a petition filed under this chapter is immediately appealable as a matter of right to the court of appeals."). Mr. Barrett argues that appellate jurisdiction under the TPPA extends only to the "court's order dismissing or refusing to dismiss a legal action" pursuant to the TPPA and that the ruling on the motion to amend was not part of this order. *See* Tenn. Code Ann. § 20-17-106. It is true that appellate jurisdiction under the TPPA extends only to the "court's order dismissing or refusing to dismiss a legal action" pursuant to the TPPA. *Id.* In the present case, it is unnecessary to fully delineate the precise metes and bounds of this jurisdictional scope. The trial court found, in one single order, both that the Complaint should be dismissed pursuant to the TPPA and that the motion was moot *because* the court was dismissing the Complaint under the TPPA. The mootness analysis was predicated upon and part and parcel to the TPPA analysis. Accordingly, insofar as the denial of amendment here was predicated on mootness in connection with TPPA determination, that ruling is inextricably intertwined with the dismissal. Thus, wherever the precise jurisdictional boundaries of TPPA appeals lie, this is within the lines.

In any event, Secure Air has not presented an argument on appeal that the court erred in concluding the motion to amend was moot. Secure Air challenges only the finding on futility, even though mootness was the primary reason for the denial of the motion to amend. This court has observed that "[g]enerally, where a trial court provides more than one basis for its ruling, the appellant must appeal all the alternative grounds for the ruling." *Ramos v. Caldwell*, No. M2022-00222-COA-R3-CV, 2023 WL 1776243, at *3 (Tenn. Ct. App. Feb. 6, 2023) (quoting *Hatfield v. Allenbrooke Nursing & Rehab. Ctr., LLC*, No. W2017-00957-COA-R3-CV, 2018 WL 3740565, at *7 (Tenn. Ct. App. Aug. 6, 2018)). "Where an independent alternative ground for the ruling is unchallenged on appeal, a reasonable course for an appellate court is simply to affirm the trial court's ruling." *Reguli v. Anderson*, No. M2022-00705-COA-R3-CV, 2024 WL 1708347, at *10 (Tenn. Ct. App. Apr. 22, 2024), *perm. app. denied* (Tenn. Sept. 12, 2024). Accordingly, Secure Air is not

entitled to relief based on any alleged error in deeming the motion to amend futile. Because one basis of the decision to deny leave to amend — mootness — remains unchallenged, Secure Air cannot prevail on its challenge to the denial of the motion to amend based on the other basis, futility.

B.

Secure Air next seeks to undermine the trial court's conclusion that Mr. Barrett met his initial burden under the TPPA to show that the lawsuit was filed in response to his exercise of "the right of free speech, right to petition, or right of association." Tenn. Code Ann. § 20-17-104(a). Secure Air's brief challenges the trial court's reliance on Mr. Barrett's declaration that he made truthful statements to the FAA regarding safety compliance in order to encourage review of an issue by a federal governmental body and to protect the public. Secure Air asserts the declaration is impermissible lay opinion testimony and that the court erred in relying on it when ruling on the TPPA petition. However, because the allegations of the Complaint itself establish that the lawsuit was filed in response to the FAA safety reports and because Secure Air has never advanced any argument that making a safety report to the FAA is not protected activity, the trial court properly found that Mr. Barrett met his initial burden under the TPPA.

The court's TPPA dismissal order indicated that it was relying on "the Defendant's declaration and the party admissions in the Plaintiff's Complaint"[5] in determining that Mr. Barrett met his burden to show that he was exercising his right to free speech or petition. The Complaint itself alleged that the tortious conduct was that Mr. Barrett filed allegedly false "reports to the Federal Aviation Administration regarding the Plaintiff's business and operations" and that these reports contained allegedly false "statements related to [Secure Air's] safety procedures." Beyond a conclusory assertion that there was no proof that the suit was in response to the exercise of the right to speech, petition, or association, Secure Air does not develop an argument that making a report to the FAA regarding safety falls outside "a party's exercise of the right of free speech, right to petition, or right of association." *See* Tenn. Code Ann. § 20-17-104(a); -103(3) ("'Exercise of the right of free speech' means a communication made in connection with a matter of public concern or religious expression that falls within the protection of the United States Constitution or the Tennessee Constitution"); -103(4) ("'Exercise of the right to petition' means a communication that falls within the protection of the United States Constitution or the Tennessee Constitution"). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her . . . ." *Sneed v. Bd. of Prof'l Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

---

[5] Because the circuit court indicated it was relying on both (rather than clearly indicating it would reach the same conclusion with either piece of evidence alone), we cannot agree with Mr. Barrett that the trial court necessarily provided two separate, independent grounds to support its conclusion. *See Ramos*, 2023 WL 1776243, at *3.

Thus, while Secure Air makes merely a conclusory statement that there was no proof that the lawsuit was filed in response to a party's exercise of the right of free speech or right to petition, the argument that Secure Air has actually developed is premised on the inadmissibility of the declaration. This argument fails for two reasons.

First, the declaration confirms the Complaint's allegations, and these allegations constitute admissions that the lawsuit was filed in response to safety reports made to the FAA. *See Conley v. Life Care Centers of Am., Inc.*, 236 S.W.3d 713, 743 (Tenn. Ct. App. 2007) ("Factual statements contained in pleadings may be considered as admissions."); *Pankow v. Mitchell*, 737 S.W.2d 293, 296 (Tenn. Ct. App. 1987) ("Factual statements in pleadings are conclusive against the pleader in the proceedings in which they were filed until they have been amended or withdrawn"). Mr. Barrett cites authority supporting the conclusion that making reports to the FAA is an exercise of the right to free speech or petition, *see, e.g., Doe v. Roe*, 638 S.W.3d 614, 622-23 (Tenn. Ct. App. 2021), and Secure Air does not offer legal citations in opposition. Accordingly, Secure Air's own pleadings establish that the lawsuit was filed in response to a safety report to the FAA, and it has waived, for failure to argue, any contention that a safety report to the FAA is not protected under the TPPA. Secure Air's argument that the declaration is inadmissible, accordingly, is ineffective, because the relevant substance of the declaration — that the lawsuit was filed in response to Mr. Barrett's reports to the FAA regarding safety — was admitted in Secure Air's Complaint.

Second, we observe that the declaration does not constitute inadmissible lay opinion testimony.[6] Lay witnesses in general may testify to facts within their observation and knowledge; they may not testify to inferences, conclusions drawn from facts, or impressions. *See* 1 McCormick on Evid. § 11 (9th ed.) (explaining that the word "opinion" today "denotes an inference, belief, or conclusion without necessarily suggesting that the inference is completely unfounded"); 3 Wharton's Criminal Evidence § 12:1 & n.3 (15th ed.); *State v. Cheatham*, No. E2021-01241-CCA-R3-CD, 2023 WL 3025199, at *13 (Tenn. Crim. App. Jan. 6, 2023) ("Generally, non-expert witnesses must confine their testimony to a narration of the facts based on first-hand knowledge and avoid stating mere personal opinions or their conclusions or opinions regarding the facts about which they have testified." (citation omitted)). However, a party's suspicion that a factual assertion is incorrect does not convert the factual assertion into an opinion. *Cf. Horst v. Gaar*, No. W2023-00442-COA-R3-CV, 2024 WL 4972013, at *9 (Tenn. Ct. App. Dec. 4, 2024) (distinguishing between a conjectural opinion and false representation of fact). While Secure Air may disagree with the accuracy of Mr. Barrett's factual statements, the

---

[6] *See* Tenn. R. Evid. 701(a) (lay witnesses may offer testimony in the form of opinions or inferences if the opinions or inferences are "rationally based on the perception of the witness" and "helpful to a clear understanding of the witness's testimony or the determination of a fact in issue").

declaration does not offer opinion. It instead conveys that Mr. Barrett made reports to the FAA, that his motivation was to seek review from a governmental body and protect the public, and that the reports concerned non-compliance with safety standards. The declaration does not, as Secure Air asserts, opine that Secure Air was noncompliant; rather, it asserts that Mr. Barrett's FAA report stated there was noncompliance. None of the statements in the declaration constitute inferences, conclusions, or impressions; they are statements regarding what Mr. Barrett did and what he thought. Furthermore, Mr. Barrett's declaration indicated that he was a competent witness and that the statements were based on his personal knowledge. *Cf. Baker v. Lederle Lab'ys.*, 696 S.W.2d 890, 892 (Tenn. Ct. App. 1985) (affidavits were ineffective when they recited that affiant knew "or ha[d] been informed of" the facts); *Keystone Ins. Co. v. Griffith*, 659 S.W.2d 364, 365 (Tenn. Ct. App. 1983) (summary judgment affidavit was not competent when the affiant indicated that some averments were merely based on belief).

Secure Air also appears to object that the declaration did not give sufficient detail regarding the reports, noting a failure to state when and how Mr. Barrett made the reports and a failure to attach the communications. This objection, however, merely affects the weight of the evidence; lack of detail is no basis to exclude the declaration. *State v. Tune*, No. E2009-01619-CCA-R3-CD, 2010 WL 4939443, at *4 (Tenn. Crim. App. Dec. 3, 2010) (deputy's inability to remember explicit details relates to the weight rather than admissibility of the testimony); *Pocahontas Fuel Co. v. Orick*, 404 S.W.2d 500, 504 (1966) (the amount of detail given by two lay witnesses "goes to the weight rather than to the admissibility of such evidence").

We conclude that Secure Air is not entitled to relief on its theory that the TPPA petition should not have been granted because the declaration was admitted in error.

IV.

Mr. Barrett asks for attorney's fees connected with this appeal. Under Tennessee Code Annotated section 20-17-107(a)(1), a petitioner who has successfully moved for dismissal under the TPPA is entitled to "[c]ourt costs, reasonable attorney's fees, discretionary costs, and other expenses incurred in filing and prevailing upon the petition." Furthermore, "the TPPA allows for an award of reasonable attorney's fees incurred on appeal, provided that the court dismisses a legal action pursuant to a petition filed under this chapter and that such fees are properly requested in an appellate pleading." *Nandigam Neurology, PLC v. Beavers*, 639 S.W.3d 651, 670 (Tenn. Ct. App. 2021). "[A]n appellee is required to present the request [for attorney's fees] to the appellate court by raising it in the body of the brief, adequately developing the argument, and specifying that relief in the brief's conclusion." *Charles*, 693 S.W.3d at 284. We conclude that Mr. Barrett is entitled to such fees, and we remand for a determination of the amount.

V.

For the aforementioned reasons, we affirm the judgment of the Circuit Court for Davidson County.  Costs of this appeal are taxed to the appellant, Secure Air Charter, LLC, for which execution may issue if necessary.  The case is remanded for further proceedings consistent with this opinion.


s/ Jeffrey Usman
JEFFREY USMAN, JUDGE