**AMERICAN FIDELITY FIRE INSURANCE COMPANY, Complainant-Appellee,**

v.

**Jerry P. TUCKER, Sr., Defendant-Appellant,**

**Komplete Plumbing & Heating, Inc., Margaret H. Tucker, Russell Hayes, Beverly Hayes, Sam H. Less, Management Services Corporation, Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 30, 1983.

Application for Permission to Appeal Denied April 23, 1984.

Michael I. Less, Less & Scroggs, Memphis, for appellees.

Erich W. Merrill, Merrill, Gilliland & Russell, Memphis, for defendant-appellant.

CRAWFORD, Judge.

The original complaint and amended complaint in this cause was filed by American Fidelity Fire Insurance Company (American Fidelity) against Komplete Plumbing & Heating, Inc. (Komplete), Jerry P. Tucker, Sr. (Tucker), Margaret Tucker, Russell Hayes and Beverly Hayes to recover under

an indemnity agreement allegedly executed by defendants. Komplete had entered into a subcontract to furnish all material and labor required for the installation of plumbing work on a project at Blytheville Air Force Base and also on another construction contract referred to as the Stonebridge job. The Tuckers and the Hayeses signed an agreement to hold American Fidelity harmless for any amounts it might be required to pay under a payment and performance bond it issued to the general contractor covering the plumbing subcontract. American Fidelity alleges that it had to pay certain sums due to the failure of Komplete to perform the subcontract and sues the indemnitors under the alleged hold harmless agreement which is referred to in the pleadings as being an exhibit but which is not found in the record.

Various pleadings and amended pleadings were filed including a counter-complaint by Tucker against American Fidelity and cross-claims against his co-defendants, Russell and Beverly Hayes, and also against Sam H. Less, individually, Sam H. Less Insurance Agency, Inc., and Management Services, Inc. The additional parties were brought in as parties defendants under Rule 13.08, Tenn.R.Civ.P.

This case has been in this court on two previous occasions. First, the court considered an application for interlocutory appeal under T.R.A.P. 9 which was denied. Later the trial court entered a final order dismissing all counter-claims and cross-claims of Tucker on the basis of the statute of limitation, Tenn.Code Ann. § 28–305 (now Tenn.Code Ann. § 28–3–105 (1980)). Tucker's appeal from that judgment resulted in a reversal by this court, because the statute of limitations had not been specifically pleaded. Upon remand to the trial court, pleadings were amended by all defendants to rely on the statute of limitation, Tenn.Code Ann. § 28–3–105 (1980), and American Fidelity, Sam Less Insurance Agency, Sam H. Less and Management Services Corporation filed motions to dismiss which were granted by the trial court. This appeal involves only the action of the trial court dismissing the counter-claim and cross-claims of Tucker against these last-named parties.

As noted, the Chancellor dismissed the actions based on Tenn.Code Ann. § 28–3–105 (1980) which is as follows:

*Property Tort actions—Statutory liabilities—Alienation of affections.*—The following actions shall be commenced within three (3) years from the accruing of the cause of action:

(1) Actions for injuries to personal or real property;

(2) Actions for the detention or conversion of personal property;

(3) Civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability;

(4) Actions for alienation of affections.

Tucker contends that this statute is not applicable to the causes of action set out in the pleadings, but asserts that the six-year contractual statute of limitation, Tenn.Code Ann. § 28–3–109(3) (1980), is the proper statute and thus the claims are not barred.

Although the parties have presented multiple complicated issues for review, the whole thing boils down to the principal issue of whether each of the complaints lies in tort or in contract. If in contract, the action is governed by the six-year statute of limitation as set forth in Tenn.Code Ann. § 28–3–109(3) (1980). If in tort, the action is governed by the three-year statute of limitation as set forth in Tenn.Code Ann. § 28–3–105 (1980). Tucker also contends that even if the three-year statute of limitation is applicable, the pleadings do not show any dates on their face to determine when the cause of action accrued, and thus no bar can be established from the pleadings alone as required to dispose of the cases on motion to dismiss.

■ We will now examine the allegations of the complaints. The amended counter-claim against American Fidelity alleges that American Fidelity's agent

wrongfully caused the bond to be issued by American Fidelity without Tucker's knowledge or consent. As a consequence of this issuance Tucker asserts that he had to complete the Blytheville Air Force Base job which was bonded by American Fidelity, and thus he incurred the loss for which the counter-claim is filed.

It is obvious from this counter-claim against American Fidelity that the cause of action is not premised on any contract between Tucker and American Fidelity but is premised upon some alleged wrongful act or conduct of an agent of American Fidelity resulting in damage to Tucker. We feel this sounds in tort, if it sounds at all.

■ The amended cross-claim filed against the co-defendants, Russell and Beverly Hayes and Sam H. Less (the suit as to the Hayeses was not dismissed and they are not involved in this appeal), generally alleges: that Russell Hayes was manager and president of Komplete from its formation until April 8, 1976, although the majority stockholder was Jerry Paul Tucker, Jr., who was then serving a two-year mission for the Morman Church in 1976. Tucker, acting by power of attorney from Jerry Paul Tucker, Jr., removed Russell Hayes as president and general manager of Komplete because of a financial crisis brought about by Less and Hayes. Hayes refused to turn over the books and records of the company until an order of Chancery Court in March of 1978. The complaint further alleges that the Hayeses consented to indemnify Tucker from any loss he might suffer as a result of an agreement entered into by Tucker, the Hayeses, Komplete, and Less which purportedly is attached to this complaint as Exhibit D but which is not found in the record. The complaint goes on to allege that the financial condition of Komplete was fraudulently represented to Tucker by the defendant Hayes and by Less at various dates from October, 1974, until April, 1976, primarily by concealing from him when he signed the indemnity agreement that Komplete was delinquent in paying withholding taxes to IRS, and that the monies received for per-

formance of the subcontract on the Blytheville job were being paid jointly to Less and Komplete. Also, he was asked to sign a note for additional funds and it was represented to him by these parties that there was a sufficient amount still to be paid under the subcontract to finish the job. The complaint alleges that he was induced to sign the indemnity agreement on which American Fidelity is suing, that he made an agreement for additional payroll funding and that he then assumed the completion of the Blytheville job, all of which were induced by the fraudulent misrepresentations.

It seems clear from this amended cross-complaint that there is no contractual action sued on and that the action sounds in tort.

■ As to the amended cross-claim against Management Services Corporation, the complaint alleges that Management Services entered into a contract with Komplete to handle the financing of the Blytheville job, including the paying for materials and supplies, paying the payroll, and collecting the funds due from the general contractor, for which Management Services was to be paid compensation. The complaint further alleges that Management Services and Less wrongfully and fraudulently appropriated a portion of the funds received from the general contractor for their own use and benefit and they failed to account to Komplete and that Management Services has breached the contract with Komplete. It further alleges that as a result of the breach of contract between Komplete and Management Services, Tucker has been forced under a threat of personal liability as an alleged indemnitor to take over and complete the subcontract at the Blytheville Air Force Base. The complaint does not allege a contract between Tucker and the defendant Management Services, and therefore is not a cause of action based on contract as asserted by Tucker. If there is a cause of action, the cause of action sounds in tort.

It appears to this court that all of the allegations in the various counter-claims

and cross-claims are premised on the fact that representations were made to Tucker which caused him to act in certain ways, and, thus, he was induced to execute a certain contract and then induced to perform a contract. His suit against these parties is not based on a contract between Tucker as a contracting party and those parties as contracting parties, but on the contrary, it is clear the claims of Tucker are based on alleged actions of these parties causing him to take a position or act in a certain way resulting in his damage.

In *Vance v. Schulder*, 547 S.W.2d 927 (1977), the plaintiff alleges that he was induced to sell his small interest in a corporation for a reduced price by reason of the defendant's misrepresentation as to the amount of an offer that had been received for stock in the company. When he later learned that in fact the amount offered for the stock was greatly in excess of the amount as represented by the defendant, he sued, alleging defendant's misrepresentation induced him to sell his stock at the lower figure. The court held that the appliable statute of limitation in a particular cause is determined according to the gravamen of the complaint; and in this particular case the gravamen of the case was fraud in the inducement of a contract, the old common law action of deceit. The plaintiff based his cause of action on the misrepresentations of the defendant resulting in a monetary loss because of the difference in the value of the stock. The court held that the three-year statute of limitation for tortious property damage, Tenn.Code Ann. § 28-305 (now § 28-3-105) was the proper statute of limitation.

We can see no real difference in the basic allegations in the *Vance* case and the allegations in the present case. Both are premised upon alleged misrepresentations by the defendants causing or inducing the plaintiff to act to his detriment. Since the causes of action of Tucker sound in tort and following the rationale of *Vance, supra,* we hold that the appropriate statute of limitations is Tenn.Code Ann. § 28-3-105, a period of three years.

 As we have heretofore stated, these actions were dismissed on motion to dismiss and there was no proof considered by the court. The allegations of the various complaints involved do not offer sufficient dates from which this court can determine from the face of the complaint the accrual of the cause of action and bar thereof. Since the complaints do not show on their face that they are barred by the statute of limitation, it is obvious that some extrinsic proof is necessary to establish the bar of the statute. Since there was no such proof, we reverse the judgment of the trial court dismissing the actions, and remand the case for further proceedings not inconsistent with this opinion. The costs of the appeal are adjudged one-half against American Fidelity and one-half against Sam H. Less and Management Services Corporation.

NEARN, P.J. (W.S.), and HIGHERS, J., concur.