DEAN WITTER REYNOLDS, INC., Plaintiff,

v.

M.C. McCOY, Carolyn J. Scott, Lois S. Stooksbury, Nan C. Robinson, Herman E. Collier, C. Cecil Lance, Irby C. Lightener, Robert O. Worrell, Robert M. James, Herbert T. Wood, Jr., Aubrey D. Jarratt, J. Howell Peebles, Jr., David L. Merzbacher, Mack R. Mulkey, Walter C. Swanson, James T. Hatfield, Walter C. Swanson and Wanda J. Swanson, and Ronald J. Bailey, Defendants.

T. Moffatt Storer, S.C. Reed, Intervenors.

Nos. 1:92–cv–42, 1:92–cv–45–1:92–cv–47, 1:92–cv–49, 1:92–cv–50, 1:92–cv–52, 1:92–cv–53, 1:92–cv–474–1:92–cv–480, and 1:93–cv–17–1:93–cv–19.

United States District Court, E.D. Tennessee, Southern Division, at Chattanooga.

May 11, 1994.

1024

Hugh J. Moore, Jr., Witt, Gaither & Whitaker, Chattanooga, TN, George D. Sullivan, New York City, for plaintiff.

Michael A. Meyer, Sidwell & Barrett, Franklin, TN, for defendants.

### MEMORANDUM

EDGAR, District Judge.

This is an action by plaintiff Dean Witter Reynolds, Inc. ("Dean Witter") for a declaratory judgment that the defendants' claims arising out of their investment in securities and the purchase of interests in various limited partnerships which occurred more than six years prior to the filing of their arbitration claims are untimely and ineligible for arbitration. Dean Witter seeks a declaratory judgment that it is under no contractual obligation to appear and defend itself in arbitration proceedings against any such untimely claims. Furthermore, Dean Witter seeks a permanent injunction prohibiting defendants from attempting to arbitrate and litigate stale claims that are no longer eligible for arbitration pursuant to the terms of the parties' agreements. Defendants have filed a counterclaim requesting that an injunction be issued requiring Dean Witter to proceed to arbitration on the claims. (Court File Nos. 23, 32).

Dean Witter previously applied for preliminary injunctions in these consolidated cases to enjoin scheduled arbitration hearings. The Court denied the applications for preliminary injunction but stayed the arbitration hearings pending appeal. Dean Witter appealed, and the Sixth Circuit reversed and remanded the action to this Court for further proceedings. *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649 (6th Cir.1993).

The matter presently before the Court is a motion by Dean Witter for summary judgment. (Court File No. 41). After reviewing the record and the applicable law, the Court concludes that the motion will be **GRANTED** and summary judgment will be entered in favor of Dean Witter. The defendants' counterclaim will be **DISMISSED**.

**I.** *Standard of Review—Summary Judgment*

Fed.R.Civ.P. 56(c) provides that summary judgment will be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine

issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *White v. Turfway Park Racing Ass'n, Inc.,* 909 F.2d 941, 943 (6th Cir.1990); *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir.1987).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *White,* 909 F.2d at 943–44; *60 Ivy Street,* 822 F.2d at 1435. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553.

■■■ The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *60 Ivy Street,* 822 F.2d at 1435–36. The standard for summary judgment mirrors the standard for directed verdict. The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*

## II. *Facts*

The Court has reviewed the record in the light most favorable to defendants. Defendants have filed similar claims against Dean Witter before the National Association of Securities Dealers ("NASD") Board of Arbitration. The following defendants jointly filed their arbitration claims with NASD on December 28, 1989: Wilda Faye Mays, Carolyn J. Scott, M.C. McCoy, Cecil Lance, Nan Robinson, Herman Collier, Marjorie Collier, Lois Stooksbury, Robert Worrell, Grover T. Crosslin, and Irby Lightner.[1] (Court File No. 3, Exhibit A). Arbitration claims were also subsequently filed with NASD by defendants Robert M. James, Herbert T. Wood, Jr., Audrey D. Jarratt, J. Howell Peebles, Jr., David L. Merzbacher, Mack R. Mulkey, Walter C. Swanson, James T. Hatfield, Walter C. Swanson, Wanda J. Swanson, Ronald J. Bailey, T. Moffatt Storer, and S.C. Reed.

The arbitration claims are all based on the same premise. Defendants allege that Jeffrey Hayden ("Hayden"), an agent of Dean Witter, induced them to entrust the management of their financial affairs to Hayden. Defendants contend Hayden breached a fiduciary duty owed to them under the common law of Tennessee. Hayden took control of the defendants' savings and agreed to manage the assets in a manner consistent with their best financial interests. Defendants were unsophisticated investors who had little or no previous experience with investing funds. With the exception of T. Moffatt Storer, all of the defendants are retirees from, or the widows of, former employees of Arnold Engineering Development Center in Tullahoma, Tennessee. Defendants had substantial amounts of cash from lump-sum pension settlements, insurance benefits, and the like.

It is alleged that Hayden breached his fiduciary duty of trust and confidence by pursuing various investment strategies intended to enrich Hayden and Dean Witter through larger, excessive transaction fees and commissions at the defendants' expense. Although defendants desired to make investments which would accomplish the primary

---

1. The claims of Wilda Faye Mays, Marjorie Collier, and Grover T. Crosslin have been dismissed by agreement of the parties. (Court File Nos. 26, 67).

objectives of safety of principal, steady income and liquidity, it is alleged that Hayden pursued high risk investments such as limited partnerships. As a result of Hayden's pursuit of such high risk investment strategies, defendants aver they have lost substantial portions of their principal investments and they seek to recover damages.

When they initially opened their accounts with Dean Witter, all of the defendants executed agreements which contain the same or substantially same language:

> Any controversy between DWR and me arising out of or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of either the American Arbitration Association, or the Board of Arbitration of the New York Stock Exchange, as I may elect. If I do not make such election by registered mail addressed to DWR at DWR's main office within five (5) days after receipt of notification from DWR requesting such election, then I authorize DWR to make such election on my behalf. Any arbitration hereunder shall be before at lease [sic] three arbitrators and the award of the arbitrators, or of a majority of them, shall be final, and judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction.

This clause requires the parties to submit any dispute to arbitration and the decision of the arbiters will be final. Although the agreements do not specify arbitration through NASD, it is undisputed that the parties further agreed to NASD arbitration since Dean Witter is a member of NASD.

Dean Witter takes the position that certain claims are not eligible for arbitration because they were not timely filed within the six-year time limit provided in Section 15 of the NASD Code of Arbitration Procedure. The Court of Appeals for the Sixth Circuit has held that before arbitration can commence, the district court must determine from the provisions of the parties' contract whether the defendants' particular grievances are "eligible" for arbitration within the meaning of § 15. In other words, this Court must decide whether the defendants' claims are intended by the parties to be subject to arbitration. *McCoy,* 995 F.2d at 650; *Roney and Company v. Kassab,* 981 F.2d 894, 899 (6th Cir.1992).

Most of the disputed purchases of the limited partnerships made by Hayden as investments for defendants occurred in 1981–1985. The parties have stipulated to the dates when the limited partnerships were purchased for each defendant and also the dates when defendants filed their arbitration claims with NASD. (Court File No. 41, Attachment 1 to Stipulations). Dean Witter contends that the claims arising from the purchase of these limited partnerships are not eligible for arbitration under Section 15.

### III. Analysis

In its opinion remanding the case to this Court, the Sixth Circuit stated:

> We stress that we do not reach the question, as we did in *Roney,* as to whether Section 15 actually does bar the claims against Dean Witter; we hold only that the District Court must make that determination. Section 15 is not akin to a statute of repose; should the District Court find, applying the relevant State law, that Dean Witter or its agents succeeded in fraudulently concealing their alleged wrongs, then the claims potentially may still be pursued in arbitration. *See Roney,* 981 F.2d at 900.

*McCoy,* 995 F.2d at 651. The parties have raised various issues concerning the proper interpretation and application of Section 15, whether Section 15 should be treated as a statute of limitations subject to equitable tolling, and whether there has been fraudulent concealment on the part of Dean Witter.

#### A. Eligibility for Submission to Arbitration—Section 15 of NASD Code of Arbitration Procedure

It is well settled that arbitration is a matter of contract and Dean Witter cannot be required to submit to arbitration any dispute which it has not agreed to so submit. *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 648–49, 106 S.Ct. 1415, 1418–19, 89 L.Ed.2d 648 (1986); *United Steelworkers of America v.*

*Mead Corp.,* 21 F.3d 128 (6th Cir.1994); *Roney,* 981 F.2d at 897; *Wiepking v. Prudential–Bache Securities, Inc.,* 940 F.2d 996, 998 (6th Cir.1991). The Court must, therefore, look to the language of the NASD Code to determine which claims the parties agreed to submit to arbitration. Moreover, in determining whether the disputes with Dean Witter are arbitrable, the Court is not to consider the potential merits of the defendants' underlying claims. *AT & T Technologies,* 475 U.S. at 648–51, 106 S.Ct. at 1418–20; *United Steelworkers,* 21 F.3d 128.

Section 15 of the NASD Code of Arbitration Procedure provides:

> **Time Limitation on Submission.** No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

■ The first question to be resolved is whether the six-year time limit in Section 15 commences to run on the date when an investment is purchased or the date when the aggrieved investor first discovers or reasonably should have discovered that the investor has been injured. Dean Witter contends the date of purchase of the investment is the correct time when the six years begins to run. According to Dean Witter, the event giving rise to each defendant's claim is their purchase of an investment in reliance on Hayden's recommendation. Defendants disagree and assert that the six-year time limit commences on the date when the injury is first discovered by the investor. It is the defendants' position that Section 15 is a statute of limitations which is subject to equitable tolling.

The Sixth Circuit has not directly addressed this particular issue. In *McCoy,* 995 F.2d at 651, the Sixth Circuit flatly stated without discussion or analysis that Section 15 is not akin to a statute of repose and indicated there might be an exception to the six-

year eligibility requirement where the wrongful conduct has been fraudulently concealed citing to *Roney,* 981 F.2d at 900. However, this Court does not read *Roney* as holding that the six-year time limit in Section 15 can be equitably tolled by fraudulent concealment.

In *Roney,* the Sixth Circuit was confronted with interpreting and applying Rule 603 of the New York Stock Exchange ("NYSE") which is identical to Section 15 of the NASD Code.[2] *Roney* states:

> The effect of Rule 603 on the facts of this case is a legal question upon which this court may rule. *See, e.g., Paine-Webber, Inc. v. Hartmann,* 921 F.2d 507, 510–14 (3d Cir.1990). In light of the mandatory language of Rule 603, the district court should enjoin the Appellees from pursuing any further claims rooted in the transactions that they have listed in their complaint.

As discussed above, the Third Circuit in *Hartmann* and the Seventh Circuit in *Farnam* found that claims of misrepresentation and unsuitability were submitted to arbitration by customers beyond the six years allowed under the respective rules of the NYSE and the NASD. *See Hartmann,* 921 F.2d at 507; *Farnam,* 870 F.2d at 1286. Each court enjoined any further arbitration proceedings because the customers' claims were not "eligible" for arbitration within the clear language of the rule. *Hartmann,* 921 F.2d at 513–15 (affirming the injunction of claims before the NYSE); *Farnam,* 870 F.2d at 1292 (enjoining the claim before the NASD).

In the case at bar, Appellees have failed to bring their claims within six years of any alleged wrongdoing on the part of Marantette, who departed from Roney's employ in 1984. Absent some statutory exemption from the arbitration agreement, Appellees' claims must be enjoined.

Appellees contend that their claims are not subject to the Rule 603 eligibility requirement because they are based on Roney's alleged "fraudulent concealment" and violation of RICO provisions. Appellees contend that, because of Roney's fail-

---

**2.** *See Roney,* 981 F.2d at 895 n. 1; *McCoy,* 995 F.2d at 651.

ure to inform them of Marantette's departure and subsequent legal troubles, Roney engaged in wrongful conduct. Moreover, they contend that, if RICO violations are proven before the NYSE arbitrator, they are exempt from the six-year eligibility requirement of Rule 603.

Fraudulent concealment requires some affirmative fraudulent act and an additional act to perpetuate the concealment. *Davenport v. A.C. Davenport & Gas Co.,* 903 F.2d 1139, 1142 (7th Cir.1990). Mere inaction or silence is not sufficient. *Volk v. D.A. Davidson & Co.,* 816 F.2d 1406, 1416 (9th Cir.1987).

Based on the record, Appellees have not stated a sufficient claim for fraudulent concealment. Appellees would have this Court place an affirmative duty on Roney to advise them of any change in personnel who had responsibility for their investment account. Note, however, that the Appellees did not inquire as to the status of Marantette despite their continued dealings with him into 1985. Appellees only began to call into question their early 1980's losses after fortuitously discovering that Marantette had engaged in improper conduct. Appellees have presented no evidence to meet their burden of proving that Roney attempted to conceal any wrongdoing on the part of Marantette. Accordingly, the fraudulent concealment allegation can have no impact upon the application of Rule 603.

*Id.* at 899–900.

*Roney* does not discuss or address the question of whether the six-year eligibility for arbitration time limit in Rule 603 of NYSE can be tolled by fraudulent concealment. The appellee/claimants in *Roney* did not present an argument that the time limit should be tolled on the ground of fraudulent concealment. Instead, they contended that Roney & Company had engaged in separate acts of wrongful conduct by fraudulently concealing the injuries to the claimants and that such wrongful conduct, in and of itself, was eligible for arbitration because it occurred within the six-year time limit. The Sixth Circuit held that the claimants had failed to make out a sufficient claim of fraudulent concealment.

In the present case, defendants in their arbitration claims have not alleged any independent substantive causes of action for fraud or other wrongful conduct which occurred after Hayden and Dean Witter made the disputed investments. Rather, the defendants' claims are predicated solely on the allegations that Hayden breached a common law fiduciary duty by making unsuitable, high-risk investments. The case at bar is distinguishable from *Roney* in that the present defendants, unlike the *Roney* claimants, are contending the six-year limitation in Section 15 of the NASD Code should be equitably tolled due to fraudulent concealment on the part of Dean Witter. This is a question of first impression in the Sixth Circuit. In the appeal of the case at bar, the Sixth Circuit cited *Roney* stating: "Section 15 is not akin to a statute of repose; should the District Court find, applying the relevant State law, that Dean Witter or its agents succeeded in fraudulently concealing their alleged wrongs, then the claims *potentially* may still be pursued in arbitration." *McCoy,* 995 F.2d at 651 (Emphasis supplied). This statement in *McCoy* is *dicta* and is not consistent with the Sixth Circuit's holding in *Roney.* This Court interprets *Roney* and *McCoy* to mean that it remains an open question in the Sixth Circuit whether Section 15 should be treated as a statute of limitations which is subject to equitable tolling on the ground of fraudulent concealment and whether the six-year time limit begins to run on the date when the investor discovers or reasonably should have discovered his injury.

These same issues have been decided by the Courts of Appeal for the Third and Seventh Circuits. *PaineWebber, Inc. v. Hofmann,* 984 F.2d 1372 (3d Cir.1993); *Edward D. Jones & Co. v. Sorrells,* 957 F.2d 509 (7th Cir.1992); *PaineWebber, Inc. v. Hartmann,* 921 F.2d 507 (3d Cir.1990); *PaineWebber, Inc. v. Farnam,* 870 F.2d 1286 (7th Cir.1989). The Sixth Circuit in *Roney* cited with approval and relied on *Hartmann* and *Farnam.* Also in its *McCoy* decision, the Sixth Circuit again relied on *Hartmann* thus demonstrating that the Sixth Circuit is in accord with

the Third and Seventh Circuits on this subject. After reviewing *Roney* and *McCoy* together with the applicable cases from the Third and Seventh Circuits, this Court makes the following conclusions of law.

Defendants argue that if Section 15 is not a statute of repose then it can only be a statute of limitation. The Court disagrees. After careful consideration the Court concludes that Section 15 is not merely a statute of limitations. The term "eligible" in Section 15 must be given its plain, literal meaning as a matter of contract law and interpreted as absolutely barring stale disputes from arbitration. *McCoy*, 995 F.2d at 651; *Roney*, 981 F.2d at 899; *Hartmann*, 921 F.2d at 510–11; *Farnam*, 870 F.2d at 1292. The Sixth Circuit along with the Third and Seventh Circuits have held that Section 15 is not a procedural statute of limitation but rather a substantive limitation on the arbitrator's jurisdiction. *Roney*, 981 F.2d at 899;[3] *Hoffmann*, 984 F.2d at 1379; *Sorrells*, 957 F.2d at 512–513; *Farnam*, 870 F.2d at 1292; *see also FSC Securities Corp. v. Freel*, 14 F.3d 1310, 1312 n. 2 (8th Cir.1994); *Prudential Securities, Inc. v. LaPlant*, 829 F.Supp. 1239, 1243 (D.Kan.1993), *reconsideration denied*, 151 F.R.D. 678 (D.Kan.1993).

This Court concludes that the six-year time limit in Section 15 is a substantive eligibility requirement as opposed to a statute of limitations procedural rule, and the NASD arbitration panel has no subject matter jurisdiction over any claim submitted for arbitration more than six years after the event in dispute occurred. The Sixth Circuit hinted at this result in *Roney*, 981 F.2d at 900, wherein it stated: "Appellees have failed to bring their claims within six years of any alleged wrongdoing on the part of Marantette who departed from Roney's employ in 1984. Absent some statutory exemption from the arbitration agreement, Appellee's claims must be enjoined."

Defendants contend that the six-year time limit in Section 15 did not commence running until the value of their investments began to decline and they suffered an "injury," *i.e.,* financial loss. According to defendants a claim, dispute or controversy does not arise for purposes of Section 15 until an investor has suffered some actual financial loss. It is the defendants' position that they can invest in the limited partnership and wait several years to see if the investments will be successful. If the investments ultimately turn out to be a mistake, and the defendants' pecuniary interests are damaged, then they would have six years from the date a financial loss is incurred within which to submit a claim for arbitration under Section 15 of the NASD Code.

This argument is fatally flawed in at least two respects. First, when the defendants' analysis is extended to its logical conclusion, it produces a result that violates the intent and purpose of the six-year time limit in Section 15 which is to bar the submission of stale disputes to arbitration. *McCoy*, 995 F.2d at 651; *Roney*, 981 F.2d at 899–900. Section 15 cannot be interpreted as permitting investors to wait for years until they suffer a financial loss then file a stale claim for arbitration more than six years after the date the investment was made challenging its suitability. Second, the defendants' breach of fiduciary duty claims concerning the suitability of the investments in the limited partnerships focus on the time when the investments were made and the defendants' capital was put at risk. If the investments were too speculative and not in the defendants' best interests, then the investments were not suitable on the dates the limited partnership interests were initially purchased. It was not necessary for defendants to have suffered a financial loss to transform the limited partnerships into unsuitable investments.

The Court holds that the date of "the occurrence or event giving rise to the act or dispute, claim or controversy," for purposes of Section 15, is the date of the investment. *Sorrells*, 957 F.2d at 512; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jana*, 835 F.Supp. 406, 411 (N.D.Ill.1993). The date of the occurrence or event does not under any circumstances depend on the date

---

**3.** *Roney* involved Section 603 of the NYSE which is identical in text and application to Section 15 of the NASD Code. *McCoy*, 995 F.2d at 651.

when the aggrieved investor first discovers that he or she has suffered a financial loss.[4] Moreover, since Section 15 is an eligibility or jurisdictional requirement rather than a statute of limitations, it is not subject to equitable tolling on the ground of fraudulent concealment. *Hofmann,* 984 F.2d at 1381–82; *Sorrells,* 957 F.2d at 512–13; *Jana,* 835 F.Supp. at 411; *Smith Barney, Harris Upham & Co. v. St. Pierre,* 1994 WL 11600 (N.D.Ill. Jan. 4, 1994). This Court is convinced that if the Sixth Circuit were confronted with this particular question of law, it would choose to follow the decisions of the Third and Seventh Circuits in *Hofmann* and *Sorrells,* respectively. Such a result is entirely consistent with the Sixth Circuit's analysis and holding in *Roney.* If the Court were to hold that the defendants' claims are eligible for arbitration beyond the six-year time limit provided in Section 15 based on theories of equitable tolling and discovery, it would permit defendants to breach and circumvent the contractual time limit they agreed to in Section 15 of the NASD Code thereby forcing Dean Witter to arbitrate stale claims it never agreed to submit to arbitration. *Hofmann,* 984 F.2d at 1381; *LaPlant,* 829 F.Supp. at 1243. Accordingly, the Court must enjoin the arbitration of claims against Dean Witter that were not filed within the six-year time limit from the date of the investment under Section 15 in order to properly give full effect to the terms of the parties' contract to arbitrate.

### B. Tolling of Time Limits for Arbitration—Sections 15 and 18 of NASD Code of Arbitration Procedure

■ Defendants next contend that even if the six-year time limit for eligibility in Section 15 has expired, the Court should exercise its authority to order their claims referred to arbitration. (Court File No. 44, pp. 8–12). Defendants rely on the second sentence of Section 15 which provides: "This section shall not extend applicable statutes of

limitation, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction." It is argued by defendants that the Seventh Circuit in *Sorrells,* 957 F.2d 509, construed this sentence as authorizing courts to order a case to arbitration where the action would have been timely if it had been filed in a judicial forum. Defendants further assert that their arbitration claims have been timely filed with NASD before the applicable Tennessee statute of limitation has run on their state common law claims of breach of fiduciary duty. The Court disagrees with the defendants' analysis of the issue. Defendants have misinterpreted Sections 15 and 18 of the NASD Code and have not correctly stated and applied the holding in *Sorrells.*

The first sentence of Section 15 makes clear that all disputes, claims and controversies brought before the elapse of the six-year time limit are eligible for submission to arbitration. The language used at the beginning of the second sentence in Section 15 was not intended to limit or modify the eligibility requirement or jurisdiction of the arbitrators provided in the first sentence. "Rather, the second sentence [of Section 15] is intended to set forth the agreement of the parties that the arbitrators shall be bound to abide by the state and federal statutes of limitations in adjudicating the disputes." *Davis v. Skarnulis,* 827 F.Supp. 1305, 1308 (E.D.Mich. 1993). Although a claim may be eligible for arbitration under the first sentence of Section 15 where it has been brought within the six-year eligibility time limit, the claim may ultimately be dismissed by the arbitrators as being time-barred by the applicable state or federal statute of limitations. Procedural questions involving the effect of statutes of limitations are ordinarily left to the arbitrators once it has been established by the Court that the subject matter of the dispute is eligible for arbitration. *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 556,

---

4. The Third Circuit in *Hofmann,* 984 F.2d at 1381–82, recognized that it is often difficult to distinguish between independent causes of action such as fraud and equitable tolling/discovery arguments. The problem does not exist in the present case because, as explained *infra,* it is clear from the record that the defendants' arbi-

tration claims are predicated solely on the suitability of the investments made by Hayden and Dean Witter. Defendants have not alleged any other independent causes of action against Dean Witter such as fraud which occurred within six years from the dates of their demands for arbitration.

84 S.Ct. 909, 917, 11 L.Ed.2d 898 (1964); *FSC Securities,* 14 F.3d at 1312 n. 2; *Davis,* 827 F.Supp. at 1308. In the present case it is not necessary to consider and rule on the issue of whether the defendants' claims are time-barred by the Tennessee statute of limitations in the context of eligibility for submission to arbitration, because the Court has already determined that the claims brought beyond the six-year time limit provided in Section 15 are not eligible for arbitration under any circumstances.

■ The last part of the second sentence in Section 15 provides: "nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction." This language must be read and interpreted with reference to and in the context of Section 18 of the NASD Code of Arbitration Procedure which provides:

**Tolling of Time Limitation(s) for the Institution of Legal Proceedings and Extension of Time Limitation(s) for Submission to Arbitration**

Sec. 18(a) Where permitted by applicable law, the time limitations which would otherwise run or accrue for the institution of legal proceedings shall be tolled where a duly executed Submission Agreement is filed by the Claimant(s). The tolling shall continue for such period as the Association shall retain jurisdiction upon the matter submitted.

(b) The six (6) year time limitation upon submission to arbitration shall not apply when the parties have submitted the dispute, claim, or controversy to a court of competent jurisdiction. The six (6) year time limitation shall not run for such period as the court shall retain jurisdiction upon the matter submitted.

[Amended effective October 1, 1984.]

Section 18(b) plainly means that in the event the parties have filed their dispute, claim or controversy with a court of competent jurisdiction, then the six-year time limit of eligibility for submission to arbitration provided in Section 15 will be tolled during the time the court retains jurisdiction over the matter. As the Seventh Circuit explained in *Sorrells,* 957 F.2d at 513, Section 18(b) is interpreted to provide that the Section 15 bar on the eligibility for arbitration of all claims older than six years is removed only if a court with competent jurisdiction over the claim orders that the matter be submitted to arbitration. Section 18(b) and the second sentence in Section 15 do not afford any basis for relief to defendants in the present case. Defendants did not present their claims against Dean Witter to a court of competent jurisdiction within six years from the date of the investments made by Hayden. Instead, defendants voluntarily chose to submit their claims to NASD for arbitration after the six-year time limit in Section 15 had elapsed. Thus, the six-year time limitation in Section 15 was not tolled pursuant to Section 18(b). This Court has no authority to direct or refer the defendants' claims to arbitration where defendants failed to file them either with a court of competent jurisdiction or the NASD Arbitration Panel within the six-year time limitation under Section 15. *Sorrells,* 957 F.2d at 513–14.

Accordingly, summary judgment will be **GRANTED** in favor of Dean Witter on the question of whether the claims are arbitrable. The Court will enter a declaratory judgment providing that the defendants' claims based on investments made more than six years prior to the filing of their claims for arbitration with NASD are untimely and not eligible for submission to arbitration pursuant to Section 15 of the NASD Code. The declaratory judgment will also provide that Dean Witter is under no contractual obligation to appear and defend itself in arbitration proceedings against any such claims which will be specifically identified in an appendix to the Court's order and judgment. Furthermore, a permanent injunction will be issued prohibiting the defendants from attempting to proceed with the arbitration of their untimely claims that are not eligible for arbitration pursuant to Section 15 of the NASD Code. The defendants' counterclaim seeking an injunction to compel Dean Witter to proceed with arbitration on the ineligible claims will be **DISMISSED.**

### C. Litigation of Claims in Judicial Forum

Defendants argue that even if their claims are not eligible for arbitration, they should

not be barred from litigating the merits of the same claims in the courts. It is the defendants' contention that the declaratory and injunctive relief accorded to Dean Witter in this action should be limited to enjoining only arbitration and they should remain free to prosecute their breach of fiduciary duty claims against Dean Witter in a judicial forum. (Court File No. 44, pp. 9–15). On the other hand, Dean Witter seeks an injunction prohibiting defendants from prosecuting any such litigation through the courts because the claims are time-barred by the statute of limitations.

### 1. Waiver

Defendants contend their execution of the arbitration agreements with Dean Witter did not constitute a waiver of the right to pursue their claims in a judicial forum. Defendants cite *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1387–88 (11th Cir.1988), in support of their argument that a waiver is a voluntary, relinquishment of a known right and the agreements with Dean Witter do not contain an express, unconditional waiver of all recourse in the courts in the event the parties are unable to proceed with arbitration.

■ The correct analysis of this question begins with the Federal Arbitration Act, 9 U.S.C. §§ 1–14 ("FAA"), which creates a body of federal substantive law establishing and regulating the duty to honor arbitration agreements. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 941 n. 32, 74 L.Ed.2d 765 (1983). The substantive law created by the FAA is applicable in both federal and state courts. *Southland Corp. v. Keating*, 465 U.S. 1, 11, 104 S.Ct. 852, 858, 79 L.Ed.2d 1 (1984); *Moses H. Cone Hospital*, 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32. Since the arbitration agreements in the present case involve interstate commerce, they are covered by the FAA. 9 U.S.C. § 2. The enactment of the FAA was motivated, first and foremost, by a desire on the part of Congress to require courts to enforce privately negotiated arbitration agreements, like other contracts, in accordance with their terms. *Volt Information Sciences, Inc. v. Board of Trust-*

*ees of the Leland Stanford Junior Univ.*, 489 U.S. 468, 478, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989); *Wiepking*, 940 F.2d at 998. Thus, the Court must look to the terms of the arbitration agreements between defendants and Dean Witter.

■ When defendants initially opened their accounts with Dean Witter, they agreed that any controversy arising out of or relating to the contract or the breach thereof "shall be settled by arbitration" and the arbitrators' decision shall be final. The plain language used by the parties is not ambiguous, and it was clearly the intent of Dean Witter and the defendants that all disputes would be resolved through arbitration rather than litigation in the courts. *Cf., Raytheon Co. v. Automated Business Systems, Inc.*, 882 F.2d 6, 9–10 (1st Cir.1989). The only proper forum for the disposition of the defendants' claims against Dean Witter is arbitration. The Court concludes that defendants have by contract waived their right to litigate their claims in the courts in favor of arbitration. Defendants cannot maintain a civil action in either federal or state court seeking a trial on the merits of their claims against Dean Witter which this Court has held are ineligible for submission to arbitration because they were not filed within the six-year time limit under Section 15 of the NASD Code. *Piccolo v. Faragalli*, 1993 WL 331933 (E.D.Pa.1993).

If defendants desired to reserve a right to litigate their untimely claims in a judicial forum, they could have expressly provided for such a contingency. It is well settled that parties may choose to expressly agree to exclude specified claims from the scope of their arbitration agreement. *Volt Information*, 489 U.S. at 478, 109 S.Ct. at 1255; *Wiepking*, 940 F.2d at 998–99. However, there is no provision in the agreements which permits defendants to seek relief in a judicial forum on arbitrable claims that have not been timely submitted for arbitration. The Court cannot expand and supplement the language and terms of the agreements executed by the parties.

The Court must take into account the strong federal policy favoring the enforcement of agreements to arbitrate. *Volt Infor-*

*mation,* 489 U.S. at 475–76, 109 S.Ct. at 1253–55; *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987); *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985); *Moses H. Cone,* 460 U.S. at 24–25, 103 S.Ct. at 941–42. "Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts. Such a course could lead to prolonged litigation, one of the very risks the parties, by contracting for arbitration, sought to eliminate." *Southland Corp. v. Keating,* 465 U.S. 1, 7, 104 S.Ct. 852, 856, 79 L.Ed.2d 1 (1984). The obvious concern underlying a federal right to enforcement of the terms of arbitration agreements is a party's contractual right to a particular forum and procedures that are more efficient, expeditious and simple than litigation in the courts. *Olde Discount Corp. v. Tupman,* 1 F.3d 202, 213 (3d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 741, 126 L.Ed.2d 704 (1994). If this Court in the present case were to permit defendants to pursue their claims in court after they failed to timely submit the claims for arbitration within the six-year time limit in Section 15 of the NASD Code, the consequence would be to compel Dean Witter to litigate in a judicial forum in violation of the parties' agreement to resolve all of their disputes through arbitration.

Defendants argue that their agreements to arbitrate are merely limited or partial waivers and they have not waived any substantive rights they might otherwise be entitled to, citing *Shearson/American Express,* 482 U.S. 220, 107 S.Ct. 2332. Although this Court agrees that defendants have not waived their substantive rights by agreeing to arbitration, the Court holds that defendants have by contract waived the right to utilize a judicial forum instead of the NASD arbitration process to vindicate their substantive rights and obtain a trial on the merits of their claims. It is an issue of forum selection rather than waiver of substantive rights. The Sixth Circuit in *Roney & Co. v. Goren,* 875 F.2d 1218, 1220–21 (6th Cir.1989), recognized that the enforcement of an agreement by the parties to select a particular forum for the resolution

of a dispute through arbitration does not necessarily involve the loss or deprivation of a substantive right. Defendants have not explained and the Court is unable to discern how an agreement by the parties to limit the resolution of any disputes between them to NASD arbitration instead of litigation in the courts constitutes a waiver of the defendants' substantive rights. The NASD arbitrators are required to follow and apply the same substantive law and the applicable statute of limitations as the courts.

There is no language in the arbitration agreements which allows defendants to seek alternative relief against Dean Witter through the courts in the event it is determined that the defendants' claims have not been timely filed for arbitration under Section 15 of the NASD Code. *See Piccolo,* 1993 WL 331933. When the parties executed the NASD uniform submission agreement forms, they contracted to follow the NASD Code of Arbitration Procedure. (Court File No. 5, Exhibit 1). Defendants contend that if the parties had intended to have NASD arbitration serve as their only forum for obtaining relief, there would be no need for Section 18(a) of the NASD quoted *supra.* Section 18(a) provides that tolling of the statutes of limitations for the institution of legal proceedings shall continue for such period of time as NASD retains jurisdiction over the matter submitted for arbitration. Defendants argue that the inclusion of Section 18(a) shows the parties intended a conditional waiver and agreed to forego the right to a judicial remedy only as long as they were able to submit the disputes to arbitration. It is the defendants' position that if for any reason the parties are not able to submit a matter to arbitration, then the conditional waiver of a judicial forum becomes void and the parties may proceed to fully litigate the dispute through the courts.

The Court disagrees and concludes that the defendants' interpretation and application of Section 18(a) is unreasonable. Section 18(a) must be read in the context of and with reference to Section 16 of the NASD Code which precedes Section 18. Section 16 provides: "At any time during the course of an arbitration, the arbitrators may either

upon their own initiative or at the request of a party dismiss the proceeding and refer the parties to the remedies provided by applicable law. The arbitrators shall at the joint request of all the parties dismiss the proceedings." A fair reading of the NASD Code establishes that the tolling provision under Section 18(a) was intended to apply where an arbitration proceeding is dismissed pursuant to Section 16. In the present case, Section 18(a) is not applicable because the defendants' claims against Dean Witter have not been dismissed by the arbitrators under Section 16.

Assuming *arguendo* that defendants are correct and they have not waived the right to litigate their claims in court, the claims must be dismissed as time-barred by the applicable statute of limitations.

## 2. *Statute of Limitations*

■■■■ The statute of limitations applicable to a particular cause of action is determined according to the gravamen of the claim. *Spence v. Miles Laboratories, Inc.*, 810 F.Supp. 952, 959 (E.D.Tenn.1992); *Yater v. Wachovia Bank of Georgia, N.A.*, 861 S.W.2d 369, 372 (Tenn.App.1993); *Pera v. Kroger Co.*, 674 S.W.2d 715, 719 (Tenn.1984); *Harvest Corp. v. Ernst & Whinney*, 610 S.W.2d 727 (Tenn.App.1980); *Vance v. Schulder*, 547 S.W.2d 927, 931 (Tenn.1977). Dean Witter cites Tenn.Code Ann. § 48–2–122(h)[5] which governs the time limitation for filing claims involving the violation of certain Tennessee statutes regulating the registration and sale of securities. However, the Court has reviewed § 48–2–122 and concludes it does not apply to this case. The defendants' claims to recover monetary damages against Dean Witter are based solely on common law breach of fiduciary duty and do not fall within the ambit of § 48–2–122(h). Instead, breach of fiduciary duty claims under Tennessee law are quasi-contractual in nature and the applicable statute of limita-

tions is six years pursuant to Tenn.Code Ann. § 28–3–109(a)(3).[6] *Fed. Sav. and Loan Ins. Corp. v. Burdette*, 696 F.Supp. 1196, 1201 (E.D.Tenn.1988); *Vance*, 547 S.W.2d at 931. Since the defendants' cause of action sounds in contract law, it is governed by § 28–3–109(a)(3). *See Entman v. Stotler and Co.*, 1987 WL 14834 (Tenn.App. July 30, 1987); *American Fidelity Fire Ins. Co. v. Tucker*, 671 S.W.2d 837, 839 (Tenn.App. 1983); *Harvest Corp.*, 610 S.W.2d 727; *cf., Cumberland & Ohio Co. v. First American Nat. Bank*, 936 F.2d 846 (6th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 878, 116 L.Ed.2d 783 (1992); *Kirby Farms Homeowners Ass'n v. Citicorp, Citibank, N.A.*, 773 S.W.2d 249 (Tenn.App.1989); *Prescott v. Adams*, 627 S.W.2d 134 (Tenn.App.1981).

The relationship between principal and agent is fiduciary in nature, and one of confidence and trust as to any matter arising from the agency relationship. "An agent is under an obligation to make full and complete disclosure of facts that will benefit his principal and the relationship is treated in the same general manner and with virtually the same strictness as that of trustee and beneficiary. *Heard, et al. v. Miles*, 32 Tenn. App. 410, 222 S.W.2d 848 (1949)." *Marshall v. Sevier County*, 639 S.W.2d 440, 446 (Tenn. App.1982). An agent is under a duty to be careful, skillful, diligent and loyal in the performance of his principal's business. If the agent breaches his duty, the agent is liable for any damages proximately caused by the breach. *Hospital Underwriting Group, Inc. v. Summit Health, Ltd.*, 719 F.Supp. 627, 637–38 (M.D.Tenn.1989); *Marshall*, 639 S.W.2d at 446; *Gay & Taylor v. American Cas. Co.*, 53 Tenn.App. 120, 381 S.W.2d 304 (1963).

## 3. *Tennessee Discovery Rule*

■■■■ Defendants contend their claims against Dean Witter did not accrue and the statute of limitations did not begin to run

---

5. Tenn.Code Ann. § 48–2–122(h) provides: "No action shall be maintained under this section unless commenced before the expiration of one (1) year after the discovery of the facts constituting the violation, or after such discovery should have been made by the exercise of reasonable diligence, whichever expires first."

6. Tenn.Code Ann. § 28–3–109(a) provides in part: "The following actions shall be commenced within six (6) years after the cause of action accrued: ... (3) Actions on contracts not otherwise expressly provided for."

under Tennessee law until either their injuries occurred, *i.e.*, the value of their investments declined, or they discovered their injuries, or in the exercise of reasonable care and diligence the defendants should have discovered their injuries. *Harwell v. American Medical Systems, Inc.*, 803 F.Supp. 1287, 1295 (M.D.Tenn.1992); *Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.*, 1994 WL 71416 (Tenn. March 7, 1994); *Doe v. Coffee County Board of Educ.*, 852 S.W.2d 899, 904 (Tenn.App.1992); *Potts v. Celotex Corp.*, 796 S.W.2d 678, 680 (Tenn.1990); *Foster v. Harris*, 633 S.W.2d 304 (Tenn.1982); *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 491 (Tenn.1975); *Teeters v. Currey*, 518 S.W.2d 512, 517 (Tenn.1974). The Court disagrees and concludes that defendants are confusing the "discovery rule" which arises in tort cases with contract law.

Although the Tennessee courts have applied the discovery rule to tort actions involving personal injuries, defendants have not cited, and the Court has not found, any reported case law which extends and applies the discovery rule to breach of contract actions and Tenn.Code Ann. § 28–3–109(a)(3). *See McFarlin v. City of Murfreesboro*, 1987 WL 17728 (Tenn.App. Sept. 30, 1987). In *Prescott*, 627 S.W.2d 134, the Tennessee Court of Appeals discussed the discovery rule and its application to a breach of fiduciary duty claim but only in the context of a damage to property and the statute of limitations provided in Tenn.Code Ann. § 28–3–105 which is distinguishable from the contract claim in the present case. Defendants have brought their claims against Dean Witter on the theory of breach of fiduciary duty which is quasi-contractual in nature and defendants have vigorously asserted the Court must apply the six-year statute of limitations applicable to contract actions. Tenn.Code Ann. § 28–3–109(a)(3). There is no authority under Tennessee law for taking the discovery rule used in personal injury tort cases and applying it to the present contract action.

The general rule is that an action for breach of contract, unlike a tort action, accrues when the breach occurs rather than the time that actual damages are sustained as a consequence of the breach. 51 Am.Jur.2d, *Limitation of Actions*, §§ 92, 126 (1970); *Gay & Taylor*, 381 S.W.2d at 307. The Court, therefore, concludes that the defendants' breach of fiduciary claims accrued at the time when the alleged unsuitable investments were made in the limited partnerships and the defendants' funds were put at risk. Since this is an action arising under contract law rather than tort law, the discovery rule is not applicable, and it was not necessary for defendants to suffer an actual pecuniary injury or loss in the value of the investments before their causes of action for breach of fiduciary duty accrued for purposes of commencing the statute of limitations. Defendants could have brought an action seeking recision of the limited partnership investments prior to the time the value of the investments began to decline.

Defendants cite *L. & N.R.R. Co. v. Fed. Reserve Bank*, 157 Tenn. 497, 10 S.W.2d 683 (1928), for the proposition that under Tennessee law there can be no cause of action against a principal for a breach of duty by its agent unless there is an injury, *i.e.*, some loss or damage. Defendants have interpreted the *L. & N.R.R. Co.* decision too broadly and have misapplied it to the present case. *L. & N.R.R. Co.* was an action by the plaintiff railroad to recover damages caused by the negligence of the defendant bank's agent-employee. It was not a breach of fiduciary duty or breach of contract action brought by a principal against its own agent. Thus, *L. & N.R.R. Co.* is easily distinguishable on the facts and the law from the present case.

Assuming *arguendo* that the discovery rule can be applied here, it does not afford relief to defendants. The discovery rule applies under Tennessee law only in cases where the injured party does not discover and reasonably would not be expected to discover that he or she had a right of action. Moreover, the statute of limitations is tolled only during the period of time when the injured party had no knowledge at all that the wrong had occurred, and, as a reasonable person, was not put on inquiry. *Harwell*, 803 F.Supp. at 1295; *Coffee County*, 852 S.W.2d at 904; *Potts*, 796 S.W.2d at 680–81; *Hoffman v. Hospital Affiliates, Inc.*, 652 S.W.2d 341, 344 (Tenn.1983).

Defendants claim Hayden and Dean Witter breached a fiduciary duty by making unsuitable investments involving unacceptable risks that were detrimental to the defendants' best interests. However, under the facts and circumstances in the record, each of the defendants either knew or should have known that the investments involved a substantial risk that they might suffer financial losses. At the time defendants gave their approval and authorized Hayden to invest their funds in the limited partnerships, defendants had been furnished with prospectuses which fairly and accurately described the nature of the investments and the risks involved. Defendants do not allege that the prospectuses contained false, fraudulent, or deceptive statements. Defendants were put on notice of the risks and as reasonable persons should have made further inquiry. Based on the disclosure of information in the prospectuses, defendants cannot reasonably contend that they had no knowledge and were blissfully ignorant of the risks they incurred in making the disputed investments. It is clear that the defendants had ample reason to know that the investments in the limited partnerships involved significant risk of loss. The argument by defendants that the discovery rule should be invoked so that the statute of limitations did not accrue on their breach of fiduciary claims until they first became aware the investments were beginning to go sour is without merit.

### 4. Fraudulent Concealment

■ Defendants next contend that the running of the statute of limitations should be tolled under the equitable doctrine of fraudulent concealment. Defendants have the burden of proving the elements of fraudulent concealment including their own diligence in discovering the operative facts of their cause of action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir.1991). In order to establish fraudulent concealment under Tennessee law, defendants are required to prove two elements: (1) that Dean Witter took affirmative action or committed some overt act to conceal the defendants' cause of action; and (2) that defendants could not have discovered the existence of their cause of action for breach of fiduciary

duty despite exercising reasonable diligence. *Duncan v. Leeds*, 742 F.2d 989, 992 (6th Cir.1984); *Harvey v. Martin*, 714 F.2d 650, 653 (6th Cir.1983); *Spence*, 810 F.Supp. at 964; *Willis v. Smith*, 683 S.W.2d 682, 688–89 (Tenn.App.1984); *Vance*, 547 S.W.2d at 930–31.

■ After reviewing the record, the Court concludes that defendants are not able to prove the second element of the test. Defendants cannot establish that through the exercise of reasonable diligence, they would not have discovered the existence of circumstances that should have alerted them to Hayden's alleged breach of fiduciary duty by making unsuitable, high risk investments in the limited partnerships. At the time defendants approved and authorized the investments, they had copies of the prospectus on each limited partnership which accurately explained the particular risks involved. The full, objective disclosure of risks made in the prospectuses adequately informed defendants that these investments were not suitable for the purpose of generating low risk capital appreciation or income in a conservative portfolio, and were very limited in their liquidity and transferability. Even if Hayden made oral misrepresentations about the suitability and risk involved in these investments, defendants were not justified in relying on such misrepresentations. Defendants through the exercise of reasonable diligence should have known the truth simply by reading the prospectuses. If after receiving the prospectuses defendants failed to make further inquiry about the suitability of the investments, their conduct was clearly unreasonable. While the Court can appreciate that defendants were perhaps unsophisticated investors who sought to rely on Hayden's professed expertise in the field of financial investments, defendants will be held to the standard of a reasonable investor of ordinary intelligence. *Cf., Dodds v. Cigna Securities, Inc.*, 12 F.3d 346 (2d Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1401, 128 L.Ed.2d 74 (1994); *Brown v. E.F. Hutton Group, Inc.*, 991 F.2d 1020 (2d Cir.1993); *Cooke v. Manufactured Homes, Inc.*, 998 F.2d 1256, 1263 (4th 1993); *Kennedy v. Josephthal & Co.*, 814 F.2d 798 (1st Cir.

1987); *Andrews v. Fitzgerald,* 823 F.Supp. 356, 366 (M.D.N.C.1993); *Matter of VMS, Ltd. Partnership Securities Litigation,* 803 F.Supp. 179, 196–98 (N.D.Ill 1992); *Porter v. Shearson Lehman Bros., Inc.,* 802 F.Supp. 41, 57–58 (S.D.Tex.1992); *Shochat v. Weisz,* 797 F.Supp. 1097, 1110–12 (E.D.N.Y.1992); *Hanley v. First Investors Corp.,* 793 F.Supp. 719 (E.D.Tex.1992); *Arioli v. Prudential–Bache Securities, Inc.,* 792 F.Supp. 1050, 1060 (E.D.Mich.1992), *reconsideration denied,* 800 F.Supp. 1478 (E.D.Mich.1992); *Harner v. Prudential Securities, Inc.,* 785 F.Supp. 626 (E.D.Mich.1992); *Insurance Consultants of Am. v. Southeastern Ins.,* 746 F.Supp. 390 (D.N.J.1990); *Platsis v. E.F. Hutton & Co.,* 642 F.Supp. 1277 (W.D.Mich. 1986), *aff'd,* 829 F.2d 13 (6th Cir.), *cert. denied,* 485 U.S. 962, 108 S.Ct. 1227, 99 L.Ed.2d 427 (1988); *Treacy v. Simmons,* 1991 WL 67474 (S.D.N.Y. April 23, 1991); *Levin v. Arneault,* 1989 WL 223014 (W.D.Mich. Dec. 22, 1989); *Hecox v. R.G. Dickinson & Co.,* 1987 WL 14502 (D.Kan. Jan. 12, 1987).

Accordingly, the statute of limitations is not equitably tolled on the ground of fraudulent concealment. This result is consistent with the decision by the Tennessee Supreme Court in *Vance,* 547 S.W.2d at 930. The defendants' claims have been waived, are time-barred by the statute of limitations, and will be **DISMISSED**. An order will enter.

### *ORDER AND JUDGMENT*

In accordance with the accompanying memorandum, it is hereby **ORDERED AND ADJUDGED** that:

(1) The motion by plaintiff Dean Witter Reynolds, Inc. ("Dean Witter") for summary judgment (Court File No. 41) is **GRANTED** pursuant to Fed.R.Civ.P. 56. The defendants' amended counterclaim is **DISMISSED WITH PREJUDICE;**

(2) Declaratory judgment is hereby entered in favor of plaintiff Dean Witter. The claims by defendants in this consolidated action arising out of their investments which occurred more than six years prior to the filing of the defendants' arbitration claims with the National Association of Securities Dealers, Inc. ("NASD") Board of Arbitration are not eligible for submission to arbitration pursuant to Section 15 of the NASD Code of Arbitration procedure. A list of said ineligible claims is appended hereto and incorporated herein as Appendix A to this order. Dean Witter is under no legal obligation to appear and defend itself or otherwise participate in any arbitration proceedings concerning said claims in Appendix A;

(3) Defendants are **PERMANENTLY ENJOINED and PROHIBITED** from taking any further action to arbitrate and maintain a civil action in any state or federal court against Dean Witter to litigate the claims listed in Appendix A [Editor's Note: Appendix omitted for purposes of publication];

(4) Each party shall bear its own costs of this action; and

(5) All claims and controversies before the Court having been finally adjudicated, the Clerk of Court shall close the record in each of these consolidated actions.