## NORTHFIELD INSURANCE COMPANY Plaintiff—Appellant,

v.

## PARADISE CUSTOM YACHTS, INC. Defendant—Appellee.

No. 01–5023.

United States Court of Appeals, Sixth Circuit.

July 18, 2002.

Before SUHRHEINRICH, SILER, and GILMAN, Circuit Judges.

## ORDER

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

The court finds that no prejudicial error intervened in the judgment and proceedings in the district court, and it is therefore ORDERED that said judgment be and it hereby is affirmed.

## John W. TEMPLE, Jr., Plaintiff—Appellant,

v.

## AMSOUTH BANK, et al., Defendants—Appellees.

No. 00–6474.

United States Court of Appeals, Sixth Circuit.

July 18, 2002.

Before KEITH, BOGGS, and MOORE, Circuit Judges.

PER CURIAM.

Plaintiff, John W. Temple, Jr., filed suit against Pioneer Bank, First American National Bank,[1] Robert Lackey, Roger Holley and Kenneth Dyer, alleging various state and federal claims, including RICO violations, conversion and breach of contract and breach of fiduciary duty. Temple voluntarily dismissed his RICO claim, as well as Mr. Holley and Mr. Dryer from the suit, leaving only AmSouth and Mr. Lackey (the "defendants") as defendants. The parties later stipulated to the dismissal of all Temple's claims except for his request for an accounting. The district court granted the defendants summary judgment on Temple's remaining claim, concluding that he had received an accurate accounting. The district court also concluded that Temple's claim for an accounting was time-barred. For the reasons set forth below, we AFFIRM the district court's memorandum and order granting the defendants' summary judgment motion and dismissing the case.

## I BACKGROUND [2]

In the 1980's, Temple developed the Heron Bay and North Heron Bay subdivisions in Hamilton County, Tennessee. (J.A. at 38–39). These residential real estate developments were financed in part through Pioneer Bank, which held liens on the lots. *Id.* As each lot was sold, the closing was handled by Milligan–Reynolds, Guaranty Title Agency, Inc. ("Milligan–Reynolds"). (J.A. at 27). The proceeds from the closings were forwarded by Milligan–Reynolds directly to Pioneer Bank. *Id.* When the bank received the sale proceeds, its practice was to deposit them to Temple's checking account, or to apply them directly to his outstanding loans. (J.A. at 80).

On May 21, 1987, Temple opened an escrow account, no. 305–404–7, at Pioneer Bank with an initial deposit of $436,806.99, representing the net proceeds of a $450,000.00 loan obtained by Temple from the bank in connection with his real estate developments. (J.A. at 176). No additional deposits were made to the account, with the exception of interest payments. (J.A. at 84, 90–92). The account was closed in August 1987. (J.A. at 84–85, 89–93). All

---

1. Pioneer Bank was acquired by First American National Bank, which has since been acquired by AmSouth Bank.

2. We recite only the facts relating to Temple's accounting claim. Because his other substantive claims have been dismissed, facts related thereto are not relevant to the disposition of this case.

transfers from the account were applied either to Temple's loans or were deposited into his personal checking account. (J.A. at 84, 176).

Temple's second amended complaint alleged that certain funds from the sales of the real estate lots were to be deposited into the escrow account, which was to bear interest at a rate of 7½ %. (J.A. at 65–67). According to Temple, he was the subject of a fraudulent scheme whereby the bank improperly diverted some of the sale proceeds instead of depositing them into his escrow account. (J.A. at 72). Temple never explicitly requested an accounting.

After Temple voluntarily dismissed his remaining claims, the defendants agreed to treat his amended complaint as if it had plead an accounting claim. (J.A. at 138 n. 2). The district court entered an order requiring the parties to brief the accounting issue and directed Temple to "explain his request for an accounting and what specific relief he want[ed]." (J.A. at 198). The court construed Temple's request for an accounting as limited to the escrow account, no. 305–404–7, and concluded that an accurate accounting of said account had already been made and, in any event, the claim was time-barred. (J.A. at 141–142). Temple's *pro se* motion to alter or amend this judgment was denied. (J.A. at 254–260).

## II ANALYSIS

We review *de novo* a district court's grant of summary judgment. *See Takacs v. Hahn Auto. Corp.*, 246 F.3d 776, 779 (6th Cir.2001). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When evaluat-

ing an appeal, this court views the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In so doing, the district court's factual findings are reviewed for clear error and its conclusions of law are reviewed *de novo*. *See Takacs*, 246 F.3d at 779. The determination of whether a claim is barred by a statute of limitations is a question of law reviewed *de novo*. *See Tolbert v. Ohio Dept. of Trans.*, 172 F.3d 934, 938 (6th Cir.1999).

First, Temple contends that the district court improperly construed his request for an accounting as limited to the escrow account, no. 305–404–7. He argues that his memorandum in support of his claim for an accounting clarified that he was requesting an accounting of all monies received on his behalf by Pioneer Bank from Milligan–Reynolds. The memorandum consists primarily of a lengthy discussion concerning the timeliness of Temple's accounting claim with scattered references to the escrow account and Temple's real estate dealings. (J.A. at 200). It fails to specify the nature of Temple's accounting claim or the specific relief sought. Thus, it is reasonable to conclude that the only sensible accounting in this case would be for account no. 305–404–7, the one known account about which the parties had a dispute.

Second, Temple asserts that the district court erred in granting summary judgment on the sufficiency of the accounting provided to him concerning account no. 305–404–7. To support this argument, Temple urges this court to consider a report from a CPA firm attached to his brief. This same report was presented to the district court and rejected as "too late." (J.A. at 258). When reviewing a summary judgment decision, this court must confine

its review of the evidence to that which was submitted to the district court. *See, e.g., Campbell v. Potash Corp. of Saskatchewan, Inc.,* 238 F.3d 792, 797 (6th Cir. 2001).

The evidence provided in the record clearly shows that the escrow account was opened on May 21, 1987 with a deposit of loan proceeds totaling $436,806.99. (J.A. at at 176). Pioneer Bank's trial balances indicate that the account was open for approximately three months and was closed sometime in August 1987. (J.A. at 89–94). Other than accrued interest, there were no other deposits made to the account (J.A. at 84, 90–92), and all transfers from the account were either applied to Mr. Temple's loans or were deposited in his regular checking account. (J.A. at 84, 176). The district court's conclusion that Temple had received a sufficient accounting is amply supported by the record and, therefore, not clearly erroneous.[3]

Finally, Temple contends that his accounting claim is unaffected by the applicable statute of limitations, whether the statute is three years or six years. He asserts that even though he was advised in September 1997 that the escrow account had been closed, he was still assured that the bank was looking into the matter and would report to him concerning the whereabouts of his funds. It was not until February 1998, when the bank became "mysterious and uncooperative," that he became suspicious. Temple argues that because

genuine issues of material fact existed under Tennessee's "discovery rule," the district court erred in finding that the action accrued outside the three-year or six-year statute of limitations.

Temple's request for an accounting arose out of his claims of conversion and breach of contract and breach of fiduciary duty. Under Tennessee law, the statute of limitations for conversion actions is three years, Tenn.Code Ann. § 28–3–105(2), and the statute of limitations for contract actions is six years, Tenn.Code Ann. § 28–3–109(a).[4]

Under Tennessee's "discovery rule," applicable in tort actions, the cause of action accrues and the statute of limitations begins to run when the injury is discovered, or when, in the exercise of reasonable care and diligence, it should have been discovered. *See Potts v. Celotex Corp.,* 796 S.W.2d 678, 680 (Tenn.1990). The statute is tolled as long as the plaintiff has no knowledge of the wrong and, as a reasonable person, was not on inquiry notice. *See id.* at 680–81. The discovery rule applies only to Temple's conversion claim.

Reviewing the record in the light most favorable to Temple, we find that Temple was put on inquiry notice as early as 1991, 1992 or 1993 when he tried, unsuccessfully, to get funds from Pioneer bank. Temple should have inquired for an accounting at this time when he was unable to get funds from the bank. At the latest,

---

3. In Temple's supplemental brief, he argues that a *de novo* review should be applied when reviewing the district court's decision on the sufficiency of the accounting. We disagree. The district court's pronouncement on the sufficiency of the accounting is more akin to a finding of fact than a conclusion of law. Upon review thereof, we conclude that, as to this finding, the district court was not clearly erroneous.

4. Defendants argue that the applicable limitations period is one year, as provided by Tenn. Code Ann. § 47–4–406, which deals with claims for missing deposits. Temple's amended complaint alleges claims for conversion and breach of contract and breach of fiduciary duty, not a claim for missing deposits. Thus, construing the complaint in the light most favorable to Temple, we apply the longer limitations periods of three and six years.

Temple was clearly on inquiry notice by 1993, a time sufficiently far in the past that the three-year statute of limitations for conversion clearly expired by the time that he filed suit in 1998.

■ An action for breach of contract, unlike a tort action, accrues when the breach occurs. *See Dean Witter Reynolds, Inc. v. McCoy*, 853 F.Supp. 1023, 1036 (E.D.Tenn.1994). The evidence shows that Temple's escrow account was closed in August 1987, allegedly, without Temple's approval. Thus, Temple's breach of contract claim accrued in August 1987, when the account was closed without his permission and the statute of limitations expired six years therefrom in August 1993.

Temple filed his suit on November 19, 1998, well after both the three-year and six-year limitations periods had expired. Accordingly, Temple's request for an accounting is also time-barred and we hold that the district court correctly granted summary judgment in favor of the defendants as a matter of law.

### III CONCLUSION

For the foregoing reasons, we AFFIRM the district court's memorandum and order granting the defendants' summary judgment motion and dismissing the case.